## BRYSON, *Appellant*, v. JOHNSON COUNTY.

1. **Practice in Supreme Court**: TRANSCRIPT. Exhibits said to have been attached to a deposition and set out in appellant's abstract of the record, but not appearing in the transcript, will be disregarded by the supreme court,

2. ——: ——: CERTIORARI. An incorrect transcript in the supreme court should be remedied by a *certiorari.*

3. **County Contract**: BRIDGE COMMISSIONER. A contract made by the bridge commissioner authorized to make the same for the construction of a bridge is the act of the county where it is plain from the contract, taken as a whole, the commissioner acted for the county in making it.

Bryson v. Johnson Co.

4.  ——: ——: ——. A contract for building a bridge will be binding upon the county although not signed by the commissioner, where it appears that the county court approved the bid for the work and the builder signed the contract.

5.  County Contract: BRIDGES: REVISED STATUTES, 1879, SECTION 1218: REPEAL BY REVISED BILL. Revised Statutes, 1879, section 1218, provides " if a claim against a county be for work and labor done, or materials furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceeding prescribed by law." *Held* that said section having been re-enacted by a revised bill of 1879 is a later legislative expression, and will prevail, so far as the two sections are in conflict, over Revised Statutes, 1879, section 5360, which was collated by the revising committee of 1879 from the acts of 1874.

6.  ——: ——: ——. Said section 1218 will not, however, authorize a recovery on a contract with a county official when the official had no power in law to make it.

7.  ——: ——: ——: COUNTY AUTHORITY. The bridge commissioner is a county authority within the meaning of said section 1218, but he has no power to make any contract which differs in any substantial respect from the bid approved by the county court.

8.  ——: ——: CHANGE OF CONTRACT BY COMMISSIONER. The building of the bridge pursuant to the plans and specifications is under the direction of the commissioner and unimportant changes made to meet unforeseen exigencies ought not to defeat a recovery. A fair and substantial compliance with the contract is all that can be required.

9.  ——: ——: APPROPRIATION BY COUNTY COURT. The law makes it the duty of the county court to make an appropriation for building the bridge when it orders the commissioner to enter into the contract and it will be presumed, until the contrary is shown, that it performed its duty.

10. ——: ——: ——. A failure to make such appropriation would not, however, defeat a recovery for the work done.

*Appeal from Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

REVERSED AND REMANDED.

Bryson v. Johnson Co.

*H. Neill* and *S. T. White* for appellant.

(1)   Article 3, chapter 95, Revised Statutes, page 1056, does not apply to the ordinary duties of officers. *Woolfolk v. Randolph Co.*, 83 Mo. 501. (2)   A fair interpretation of the written contract would be that the specifications referred to the pier proper, and not its foundation. (*a*) The subject-matter of the contract would imply this, for a battering pier, hammer-dressed, with chisel-drafts, foundation beneath the ground, has no practical existence anywhere in building. (*b*) The contemporaneous construction of the contract by both parties to it, and acted on by them, was that the foundations were to be constructed to suit the piers proper. (*c*) The unforeseen exigencies of the case required that this work be done in the manner it was done, and became a necessity which would not render the contract invalid. It requires no authorities to sustain these essential principles of a contract. (3) Section 1218, Revised Statutes, was enacted to cover cases of this kind, when it might be claimed that the letter of the law had not been complied with, and yet the labor was done, and material furnished and accepted. See *Woolfolk v. County, supra*. (4)   The fact that Zoll did not sign the contract does not render it void, after the adoption by the county court. *Pettis County v. Kingsbury*, 17 Mo. 479. (5) The authorities relied upon by defendant do not apply to the ordinary transaction of the business for which an office is created, but when exercising extraordinary powers, and have no bearing upon this case. The evidence showed that Keen was given undermeasurement, instead of overmeasurement, and is entitled to the full amount, $771.65.

*J. W. Suddath* and *W. W. Wood* for respondent.

(1)   Where the petition fails to state facts sufficient to constitute a cause of action, it is not error to give an instruction in the nature of a demurrer to the evidence.

*Waller v. Martin*, 8 Mo. App. 561. (*a*) The first count in the petition states no cause of action. It is well settled that where a written contract is varied by parol, the whole becomes parol. *Boyd v. Champ*, 31 Mo. 163. (*b*) And under the constitution and statutes no recovery can be had against a county upon a parol contract. Const. 1875, art. 4, sec. 48; R. S. 1879, sec. 5360; *Wolcott v. Lawrence Co.*, 26 Mo. 272; *Keating v. City of Kansas*, 84 Mo. 415; *Crutchfield v. Warrensburg*, 30 Mo. App. 456. (*c*) And the contract as set out is void for the further reason that the road and bridge commissioner had no authority to modify or amend it. The power to "determine in what manner and of what material" the bridge should be built was in the county court. Acts, 1883, p. 31, sec. 1; *St. Louis v. Cleland*, 4 Mo. 84; *Bonesteel v. Mayor*, 22 N. Y. 162; *City of Sacramento v. Kirk*, 7 Cal. 419; Dil. Mun. Corp., sec. 451; *Saline County v. Wilson*, 61 Mo. 237; *Chambers v. Board*, 60 Mo. 370; *State v. Tiedleman*, 69 Mo. 515. (*d*) There can be no recovery under the second count. Appellant says that the second count is drawn under section 1218, Revised Statutes, yet the petition does not state facts which bring his case within the provisions of the statute; does not notify defendant that the form of proceedings prescribed by law has not been pursued in the making of the alleged contract. R. S. 1879, sec. 1218; *Kennady v. Railroad*, 45 Mo. 255, 258; *Meyer v. Railroad*, 64 Mo. 543, 544. (*e*) The first count, however, admits that the original and only legal contract has not been complied with and that admission is inconsistent with the allegation in the second count, that the contract had been complied with. (2) The evidence introduced shows no legal contract between the county and Keen. (*a*) The order to let the contract did not "determine in what manner and of what material the bridge should be built," nor the probable cost, nor is there any evidence of an appropriation being made or

the commissioner being ordered to contract for the building of the bridge. Acts, 1883, p. 31, secs. 1, 2, 3, 4 and 5; *St. Louis v. Cleland*, 4 Mo. 84; *Wolcott v. Lawrence Co.*, 26 Mo. 272. (*b*) The contract offered in evidence does not purport to be the contract of Johnson county, but only the individual contract of Zoll. The words "*ex officio* road and bridge commissioner of the county of Johnson and state of Missouri," following Zoll's name in the contract, will be construed to be only a *descriptio personæ*. *Webster v. Switzer*, 15 Mo. App. 346; *Agric. Works v. Heisser*, 51 Mo. 128. (*c*) The contract, even if it purported to bind the county, is invalid, not being signed by any agent acting for the county. Const. 1875, art. 4, sec. 48; R. S. 1879, sec. 5360; *Woolfork v. Randolph Co.*, 83 Mo. 501; *Wolcott v. Lawrence Co.*, *supra; Crutchfield v. Warrensburg*, 30 Mo. App. 456. (*d*) The plans and detailed specifications mentioned in the contract as forming part of it were not in evidence, and the court had no means of knowing whether the contract was complied with or not. (*e*) The provisions of section 1218 do not apply to a case of this kind, and even if they do they are clearly repealed by section 5360. Section 5360 clearly applies to cases of this kind. It requires the contract to be "subscribed by the parties thereto, or their agents authorized by law." (*f*) But, as we understand the provisions of section 1218, they only apply to the preliminaries leading up to the final execution of the contract and not to the final execution. (*g*) Whatever construction we may put on section 1218, one thing is clear, that is, in order to recover under it the contract must be fulfilled. Even if that section is in force and applicable to this case, its only effect is to relieve appellant of proving the execution of the contract. The evidence in this case shows that in many particulars neither the written nor verbal contract was fulfilled, and it is well settled that a claimant cannot declare

upon a contract and recover upon a *quantum meruit.* *Eyerman v. Cemetery Co.*, 6 Mo. 489. And, as against a county, no recovery can be had upon a *quantum meruit* at all. *Wolcott v. Lawrence Co.*, *supra;* *Keating v. City of Kansas*, 84 Mo. 416. (*h*) The defendant had a right to demand that the bridge be built according to the letter of the contract. Plaintiff cannot excuse his failure to comply with the contract by showing that the work done was just as good or substantial as required by the contract. *Halpin v. Manny*, 33 Mo. App. 338, 392, 393. (3) There is no acceptance of the work shown. Part payment did not amount to an acceptance. *Maupin v. Franklin Co.*, 67 Mo. 327; *Johnston v. School Dist.*, 7 Mo. 319; *Wolcott v. Lawrence Co.*, *supra;* *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Crutchfield v. Warrensburg, supra.* (*a*) Neither did the conversation with Judge HUNT or Zoll amount to an acceptance, as the county court can only speak by its records. *Maupin v. Franklin Co.*, *supra.* (*b*) The testimony of plaintiff as to the agreement at the time of issuing the warrant, and the terms of the order for the issuance, both show that neither party was to be prejudiced in any way by the payment that was made. *Johnson Co. v. Lowe*, 72 Mo. 637. (*c*) The petition in the case of Johnson Co. *v.* Bryson and Guihen, we think clearly upon the authorities above cited, would not amount to an admission or acceptance on the part of the defendant, but, even if it did, it stated plainly that the abutments were not erected according to contract. *Johnson Co. v. Lowe, supra.* (*d*) There is no evidence tending to show that at the time the court issued the warrant to Bryson it had any knowledge that no legal contract had been made, nor of the verbal change in the contract, nor that the contract had not been performed. *Johnson Co. v. Lowe, supra; Haysler v. Owen*, 61 Mo. 272.

VOL. 100—6

BLACK, J.—F. M. Keen constructed two stone abutments for Johnson county under a contract with the bridge commissioner, and then assigned his claim for compensation to the plaintiff in order to raise money to pay debts incurred in doing the work. This is a suit by the assignee to recover a balance alleged to be due for the work. The trial court sustained a demurrer to the plaintiff's evidence, and the case is here to review that ruling.

It may be stated here that certain exhibits said to have been attached to the deposition of the witness Koehler and set out in the plaintiff's abstract do not appear in the transcript, and they must therefore be disregarded. On the other hand the defendant insists that some of the documentary evidence appearing in the transcript should be disregarded, because not called for by the bill of exceptions. The bill of exceptions professes to set out the evidence, and then follows that to which the objection is made, as well as the other evidence adduced on the trial. There is nothing in the bill of exceptions from which we can say that any of the evidence is improperly incorporated therein. If the transcript is incorrect, it should be corrected by and through a writ of *certiorari*. We must take the transcript as we find it.

The petition is in two counts; the first sets out, in substance, a written contract which was put in evidence and by which Keen agreed to construct two stone abutments for an iron bridge of one hundred and ten feet span "according to the following general specifications," among which it is provided that all work shall have a batter of one inch to one foot, on all sides, and a chisel draft of an inch and one-half on both faces, the work to be done in a thorough, workmanlike manner, in accordance with the plans and specifications made a part of the contract. The price is fixed at $3.93 per

cubic yard, to be paid on the completion of the work. It is alleged that pursuant to a verbal agreement with the bridge commissioner the abutments were built up square to the surface of the ground and of better material, and that the commissioner agreed to accept the work thus done as battered work. The second count declares for the value of the work. The answer is a general denial.

The evidence shows that in August, 1885, the county court of Johnson county ordered Zoll, the bridge commissioner, to let contracts for the construction of several bridges, including the one in question. An order of the court made on the twenty-second of September, 1885, shows that a contract was that day let by the commissioner to Keen and approved by the court for building the two abutments in question; and on the same day Keen signed the contract before mentioned, and gave bond for the performance of the contract. The abutments were about twenty feet long, eight feet below and from seven to nine feet above the surface of the ground. The bridge commissioner testified: "The banks of the pits were caving in from the water. I told Keen if he would carry up the faces from the bottom to the surface square, so that the headers would reach entirely through the piers, I would accept it as battered work. The change was necessary. The square work kept the banks from caving and was better work than that called for in the specifications, and better laid to the surface of the ground. The work as done was square work to the surface, and battered work from the surface to the top. I made no extra allowance for extra material or extra work. These piers are the best in the county. My estimate of the work done shows 196.35 cubic yards, amounting to $771.65."

Other evidence shows that the court became dissatisfied with the measurement made by Zoll and sent a committee to remeasure it and the court then paid plaintiff $465.75, withheld $110.50 because claimed by another

person, and refused to pay the balance of $195. 40. The evidence offered upon the trial tends to show that the piers contain some two hundred cubic yards of work, instead of 196.35 as reported by Zoll.

1. The point made that the written contract was simply the contract of Zoll, and not that of the county, is untenable. It says, "This contract made this twenty-second day of September, 1885, by and between F. M. Keen, party of the first part, and C. H. Zoll, *ex officio* road and bridge commissioner of the county of Johnson and state of Missouri, party of the second part, wit-nesseth," etc. It is signed by Keen but not by Zoll.

A contract executed by an agent or officer of a cor-poration is the contract of the corporation where the officer or agent acts within the scope of his authority, and the purpose to act for the corporation is manifest from the contract taken as a whole. 1 Dill. on Munic. Corp. [3 Ed.] sec. 452; Story on Agency [9 Ed.] sec. 154. Zoll had been authorized to let the contract, and it is plain to be seen that he acted for the county as road and bridge commissioner.

2. A further point made by the defendant is that the contract is void because not signed by Zoll. Chap-ter 84, Revised Statutes of 1879, as amended in 1883 (Acts of 1883, p. 31), provides that the contract for build-ing a bridge shall be let to the lowest bidder upon plans and specifications then prepared, subject to the approval or rejection of the county court. If the court approves the bid, it is then made its duty to make an appropri-ation for building the bridge and to "order the commis-sioner to contract therefor at the price let." Regularly the contract should have been signed by the commis-sioner, as well as by Keen. The commissioner, however, could only make a contract in compliance with the bid which the court had approved. The order of the court approving the bid, and the contract signed by Keen, may be read together, and when thus read they show a bind-ing contract upon the county, though Zoll did not sign

it. At all events, section 1218, Revised Statutes, 1879, hereafter set out would entitle the contractor to recover the value of the work, provided he complied with the contract.

3. The only question of any merit arises out of the parol agreement between Keen and the commissioner whereby the foundations of the piers were built up square to the surface instead of being built with a batter of one inch to the foot. The defendant relies upon section 5360, Revised Statutes, 1879, wherein it is provided, among other things, that no county, city, town, village, etc., shall be bound or held liable upon any contract, unless it "shall be in writing, and dated when made and subscribed by the parties thereto, or their agents authorized by law, or duly appointed and authorized in writing." And the plaintiff relies upon section 1218, Revised Statutes, 1879, which is as follows: "If a claim against a county be for work and labor done, or materials furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceeding prescribed by law."

Section 5360 was enacted in 1874 and was not re-enacted in the form of a revised bill in 1879, but simply collated by the revision committee. Section 1218 has been a part of the statute law of this state since 1863 and was re-enacted by a revised bill in 1879, and is therefore the last legislative expression and must prevail over section 5360 so far as the two sections are in conflict. Section 1218, however, does not profess to give the claimant a right to recover on a contract with a county official when such official had no power in law to make it. It contemplates those cases where the official

or agent has the power to make the particular contract, but fails to pursue the proceeding prescribed by law in making it. The bridge commissioner is a county authority within the meaning of said section, but he had no power to make any contract which differed in any substantial respect from the bid approved by the county court. It is the approval by the county court which gives validity to the bid and gives the commissioner power to make the contract. The commissioner could not alter the plans, upon which the bid was made and approved in any material respect. To allow the commissioner to materially change the contract, after the bid had been approved, would open wide the door to fraud and favoritism, the thing which the law seeks to guard against. But the building of the bridge pursuant to the plans and specifications is under his direction, and it is but reasonable to say that unimportant changes, made to meet unforeseen exigencies, ought not to defeat a recovery. A fair and substantial compliance with the contract is all that can be asked.

The proof shows that the work was superior to that required by the specifications, and the piers are battered above ground. The fact that they were not battered below the surface but were built up square and with better stone to secure a better foundation is rather in keeping with the spirit of the contract, than a variation from it, and ought not to defeat a recovery. In determining whether there was any substantial variation from or change of the plans and specifications we must look to the nature and character of the work, and the purposes for which these abutments were built. The defense now set up seems to be an afterthought, and the evidence does not show any substantial change of the plans, or alteration of the contract.

4. It is again said that there is no evidence that the court made an appropriation to pay for the work. It was the duty of the court to make the appropriation

when it ordered the commissioner to enter into contract with Keen, and it will be presumed that the court performed its duty until the contrary is made to appear. But even if the court failed to perform its duty in this respect, that would not defeat a recovery by the plaintiff for the work done by Keen.

The judgment is reversed and the cause remanded. All concur.