Moore v. The City of Cape Girardeau.

MOORE et al., *Appellants*, v. THE CITY OF CAPE GIRARDEAU.

DIVISION ONE.

1. **Municipality:** STREET: DAMAGES. A city will not be liable in damages to a property-owner for injuries resulting from its failure to maintain and keep in repair an alleged street, where it has neither by ordinance nor use accepted the premises as a street.

2. ———: ORDINANCES: LEGISLATIVE ACT. The enactment of an ordinance is a legislative act, and a city incurs no liability by reason of its failure to pass the same.

Moore v. The City of Cape Girardeau.

*Appeal from Cape Girardeau Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Affirmed.

*Robert H. Whitelaw* and *Robert L. Wilson* for appellants.

(1) After the conveyance of the property by Lorimier's heirs, and it being thrown open to the public, the right to use the street by lot-owners became a property interest, and the lot-owner is as much entitled to use of the street and to have it in passable condition as he has a right in his own lot. *Rude v. St. Louis*, 93 Mo. 408; *Thurston v. St. Joseph*, 51 Mo. 510; *Ferrenbach v. Turner*, 86 Mo. 510; *Lackland v. Railroad*, 31 Mo. 181. (2) If a municipal corporation does not place and keep the streets in repair, after its attention is called to its defective condition, it is liable in damage to anyone injured. Shear. & Redf. on Neg., secs. 120, 124, 133, 149, 400 and 411; *Craig v. Sedalia*, 63 Mo. 418; *Beaudian v. Cape Girardeau*, 71 Mo. 392; *Price v. Lutesville*, 25 Mo. App. 317; *Bassett v. St. Joseph*, 53 Mo. 290. (3) In this state there is an implied liability recognized from unsafe streets. *Hinds v. Marshall City*, 22 Mo. App. 208.

*S. M. Green* for respondent.

(1) To render the city liable there must be something more than a paper street with a euphonious aboriginal front name; there must be an acceptance of the street as such by some method known to the law. Laws, 1872, p. 332; *Kemper v. Collins*, 97 Mo. 646. (2) A municipal corporation is not liable for declining or refusing to legislate in a particular way as requested or demanded. Dillon on Municipal Corporations [3 Ed.] secs. 949 and 1041, and notes; *Keating v.*

*City of Kansas*, 84 Mo. 414; *McCormick v. Patchin*, 53 Mo. 33; *Brink v. Collier*, 56 Mo. 160; *State ex rel. v. Cramer*, 96 Mo. 75. (3) If any legal street existed at all and appellants were injured by respondent's neglect to keep it in repair, if such were possible "on account and by reason of the encroachments of the Mississippi river," the evidence shows beyond all cavil that it was a common public injury, for which damages could not be recovered by any individual citizen. *Rude v. St. Louis*, 93 Mo. 414; *Fairchild v. St. Louis*, 97 Mo. 85; *Canman v. St. Louis*, 97 Mo. 92.

SHERWOOD, P. J.—The petition in this cause is substantially as follows: "Plaintiffs further state, that defendant is a municipal corporation * * * duly and legally incorporated, organized and existing under and by virtue of an act of the general assembly of the state of Missouri, approved March 29, 1872, and of the several acts of which the same was amendatory; and that on the first day of February, 1882, they were, and are still, the owners and in·possession of the following described real estate, lot number 2 in range H. * * *

"That upon said lot is situated a large, two-story, brick building of great value, to-wit, of the value of $2,000; that said house was erected and constructed for the purpose of being used as an ice-house; that said lot and the improvements thereon are reasonably worth $3,000; that Aquamsi or Front or Water street, as it is variously called, is one of the public streets of said city, the defendant herein, and has, for fifty years or more, been used by the public as such; and, within the date last mentioned, has been maintained, repaired and recognized by said city as a thoroughfare for the use of its citizens and the public in general; that the above-described property is situated, as set forth, in range A, in said city, fronting on said street and on the west side thereof.

"That, on account and·by reason of the encroachments of the Mississippi river, which bounds said street

on the east, said property cannot be approached or reached from the north ; and, said lot not being a corner lot, the only way said lot can be reached by footmen or vehicles was by way of said street, south of said property.

"That, on and after said first day of February, A. D. 1882, defendant wilfully neglected and refused, and still wilfully fails, neglects and refuses, to maintain or keep in repair said street, so that the same has, ever since the date last aforesaid, and still is, utterly and wholly impassable in either direction from said property ; that, immediately south of said property along which plaintiffs and others had access to said lot, through the wilful neglect, carelessness and utter disregard of the rights of these plaintiffs and citizens, permitted gullies to be washed in said street, some of them of immense proportions, to-wit, thirty feet wide and fifteen feet deep, by reason of which said street is utterly impassable ; that, by reason of the condition of said street, plaintiffs are unable to use, occupy or rent said property, and that the same has become wholly worthless to plaintiffs ; that the reasonable monthly value of said property is $20. Wherefore, the premises considered, plaintiffs pray judgment against defendant for the reasonable rental value of said property since February 1, 1882, amounting to $240 per year, and for damages arising to their property rights amounting to $3,000, and their costs herein expended."

The first count in defendant's answer is a general denial. The second count is as follows: "And for further answer defendant admits that it is true that plaintiffs on or about the first day of February, A. D. 1882, purchased lot numbered two (2), in range A, one hundred and seventy feet by one hundred and thirty feet in size, according to the original survey of said lot, but at that time, and for many years theretofore, avers and charges the abrasions and encroachments of the Mississippi river, being the same set out in plaintiffs' petition,

which have for many years, to-wit,——years formed
the eastern boundary of the property, were so great as to
take away——feet from off the alleged street, oppo-
site the east end, and said lot has been inaccessible by
and over said alleged street for a long space of time,
to-wit, forty years; and was so at the time of the pur-
chase, to-wit, February 1, 1882; and defendant further
avers and charges that the plaintiffs herein well knew
the inaccessible condition of said lot at the time of their
said purchase and ought not to be admitted or received
to plead the plea by them pleaded. Wherefore, defend-
ant again prays judgment."

The replication is a general denial. The plat of the
city will accompany this statement.

Under the instructions given, the jury found for the
defendant; hence this appeal.

This action was brought in 1886, and the trial
occurred in 1888. It does not appear in evidence that
the city ever had by ordinance or by use accepted
Aquamsi street as a street, or by ordinance ever ordered
it to be opened, or widened, or ever had the same paved,
graded, repaired or otherwise improved as such, or in
fact that it had ever been used as such. The mere fact
that *before the war* parties, who attended the church
which fronted on the vacant space known on the plat as
Aquamsi street, were accustomed to go thither on Sun-
days in carriages and wagons, cuts no figure in the case,
and constitutes no evidence against the city of accept-
ance or any dedication of such space as a street by rea-
son of the deed of Louis Lorimier executed to the city
in 1820, offered in evidence but rejected.

And ordinance number 341 of the city, whereby a
lease was authorized to be made to the Cape Girardeau
Railway, Company conveying to said company along
Aquamsi street the right of way for thirty years, and
"reserving a strip of ground, sixty feet wide for a street,"
nor the lease executed by the proper authorities, create
any liability on the part of the city in the present
action.

Merriwether Street 70 feet.

Williams Street 70 feet.

RANGE A.

Spanish Street 60 feet.

Submerged at ordinary high water.

Submerged at ordinary water.

Low water line.

A Q U A M S I.

M I S S I S S I P P I   R I V E R.

Ice House

Church

School.

120 feet to 1 inch.

Under the city charter, in order to open, abolish'
widen, extend, establish, improve or repair streets,
requires an ordinance for those purposes ; but the pass-
age of an ordinance is of course a *legislative* act ; and a
municipal corporation incurs no liability by reason of
failure to take such action, since such action involves
the exercise of *discretionary powers ;* and, for omitting
or neglecting to exercise which, no liability is incurred.
This principle is among the fundamentals of municipal
corporation law.   2 Dillon Mun. Corp. [ 4 Ed. ] sec. 949;
*Keating v. City*, 84 Mo. 415 ; *McCormack v. Patchin*,
53 Mo. 33 ; *Brinck v. Collier*, 56 Mo. 160.

The city had been applied to by the parties plain-
tiff in 1884, by petition, and requested to repair the
street, but declined to do so, on the ground that the
financial condition of the city would not admit of such
course being pursued.

Nor is the case altered and the city rendered liable
to the plaintiffs, because in the ordinance mentioned, it
reserved to itself a strip sixty feet in width, "for a street."
This was only a wise precaution on the part of the city
in case it should *in the future* decide to pass an ordi-
nance to open the street in question, which, till that
time should arrive, would only exist *on paper*.

This view of the subject renders unnecessary any
examination of the instructions, and we affirm the judg-
ment.   All concur.