JOHN MULLIGAN, Appellant, v. CITY OF LEXINGTON, Respondent.

Kansas City Court of Appeals, December 2, 1907.

1. MUNICIPAL CORPORATIONS: Ordinance: Action of Council: Approval of Mayor. Certain minutes of the proceedings of council meetings are reviewed and held not to amount to an ordinance though signed by the mayor and clerk for the purpose of attestation; an ordinance is an action which must have the approval of the mayor, and his signature to the minutes of the meeting is not sufficient.

2. ———: ———: Contract: Street Repairs: Legislation. Contracts for the repairs of streets must be authorized or ratified by ordinance, and mere minutes of the council are not sufficient therefor, but it must be action in which the council and the mayor act conjointly.

3. ———: **Contract: Pleading: Answer.** Certain allegations of an answer by defendant city are considered and held not to constitute an admission of the alleged contract but simply reference to the contract mentioned in the petition; and held, further, that they were so treated by the plaintiff at the trial.

4 ———: ———: **Subsequent Action of Council.** An adoption of a motion to pay for certain stone is held to have no effect on the validity of a contract nor even to justify such payment, since the city can only be bound by an ordinance.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Alex. Graves* and *William Aull* for appellant.

(1) The written advertisement and notice for bids of respondent city, the written and signed bid of appellant and the resolutions passed by the city council and spread upon its record, approved and signed by the mayor and attested by the city clerk, awarding the contract to appellant constituted a contract in writing, signed by the parties. Water Co. v. Aurora, 129 Mo. 578; California v. Telephone Co., 112 Mo. App. 727; Cummings v. Clinton Co., 181 Mo. 171; Perkins v. School District, 99 Mo. App. 487; Parlin v. Boatman, 84 Mo. App. 67; Donovan v. Co., 92 Mo. App. 341; McCormack v. Lynch, 69 Mo. App. 524; 9 Cyclopedia of Law and Procedure, p. 299. (2) The answer of respondent admits that there was a valid contract. Parties are bound by their pleadings. Courts cannot disregard them, or give relief in conflict with and inconsistent with their statements of facts and admissions. Ramsey v. Henderson, 91 Mo. 565; Cole County v. Madden, 91 Mo. 585; Lenox v. Harrison, 88 Mo. 495; Cousins v. Bowling, 100 Mo. App. 459; McAdow v. Miltenberger, 75 Mo. App. 346; Knoot v. Kelsey, 102 Mo. 291; Weil v. Posten, 77 Mo. 284; Kuhn v. Weil, 73 Mo. 213; Bruce v. Sims, 34 Mo. 246; Seibert v. Allen,

61 Mo. 482; Bank v. Armstrong, 62 Mo. 59; Wilson v. Albert, 89 Mo. 537; Price v. Clevenger, 99 Mo. App. 536; Kemp v. School District, 84 Mo. App. 683; Harrison v. McReynolds, 183 Mo. 543; Hamilton v. Crowe, 175 Mo. 648.

*Horace F. Blackwell* for respondent.

(1) The mayor and council constitute the law making power of the city. Neither the mayor alone nor the council alone can make a contract which will bind the city. They must act concurrently in order to make a valid contract, and this action must be by and through an ordinance, or by and through a resolution passed with the same formalities as an ordinance. Saxton v. Beach, 50 Mo. 488; Saxton v. St. Joseph, 60 Mo. 153; Thompson v. Boonville, 61 Mo. 282; Stewart v. Clinton, 79 Mo. 603, 610; Irvin v. Devors, 65 Mo. 627; Trenton v Coyle, 107 Mo. 194; Eichenlaub v. St. Joseph, 113 Mo. 402; City to use v. Eddy, 123 Mo. 558; Wheeler v. Poplar Bluff, 149 Mo. 36; Cape Girardeau v. Fougeu, 30 Mo. App. 551; St. Joseph ex rel. v. Wilshire, 47 Mo. App. 132; Springfield to use v. Knott, 49 Mo. App. 617; Poplar Bluff v. Hoag, 62 Mo. App. 675; Kolkmeyer v. Jefferson City, 75 Mo. App. 683; Unionville v. Martin, 95 Mo. App. 28. (2) The signing of the minutes by the mayor, acting in the capacity of president of the council, is not a concurrence in the proceedings of the council, but is simply an attestation of the record. The signing of such minutes does not have the effect of approving an ordinance passed at the meeting. The mayor has authority to veto an ordinance, although as president of the council, he attests the minutes, showing that it has been passed. R. S. 1899, secs. 5757, 5832. (3) The city could contract only in the manner prescribed by law, and the ratification or approval of an invalid contract could only be made by the officers who were authorized in the first instance to make such contract, and even then

the ratification must be made by them in the same capacity in which they were required to act in making the contract in the first instance. Johnson v. School District, 67 Mo. 321; Maudlin v. Trenton, 67 Mo. App. 456; Heidelberg v. County, 100 Mo. 76; Crutchfield v. Warrensburg, 30 Mo. App. 463; Kolkmeyer v. Jefferson City, 75 Mo. App. 682; Drainage District v. Daudt, 74 Mo. App. 586; Dickey v. Holmes, 109 Mo. App. 726; State ex rel. v. Milling Co., 156 Mo. 634. (4) The language of a pleading should be given such an interpretation as fairly appears to have been intended by the pleader, and should receive the construction most favorable to the pleader. Stillwell v. Ham, 97 Mo. 579; Hickory Co. v. Fugate, 143 Mo. 79; Warnick v. Baker, 42 Mo. App. 439; Mendenhall v. Leivy, 45 Mo. App. 20; Bricker v. Stone, 47 Mo. App. 530; Jacquin v. Cable Co., 57 Mo. App. 320; Silcox v. McKinney, 64 Mo. App. 330; Padley v. Catterlin, 64 Mo. App. 629; Law v. Crawford, 67 Mo. App. 150; Butts v. Long, 94 Mo. App. 687.

ELLISON, J.—Plaintiff seeks to recover damages from the defendant (a city of the third class) which he sustained by the breach of an alleged contract with the city; the breach consisting in refusing to furnish a rock crusher as agreed. The trial court's adverse ruling on the admission of evidence compelled plaintiff to take a nonsuit and being unsuccessful in his effort to set the same aside he appealed to this court.

It appears that the city desired one thousand perch of crushed rock or macadam for the repair of its streets and that it advertised for bids in a newspaper, stating the use of the crusher would be given. That there were several written bids, including plaintiff's and his was accepted. It is alleged in the petition that plaintiff made proper and expensive preparation for the work necessary to fulfill the contract and after the city had allowed him the use of the city rock crusher for a short time

and after he had furnished a small part of the rock, it refused him further use and forcibly took possession thereof and broke up and scattered about his implements and destroyed his expensive preparations, whereby he was disabled and prevented from carrying out the contract, to his damage, etc.

There was no ordinance nor formal written contract shown, but the proof made by plaintiff to establish the agreement consisted of the minutes of the council meetings signed by the mayor and city clerk, as well as the advertisement for bids, the bond for faithful performance of the contract, etc. The minutes of the meetings of the council showed that at several meetings, among other proceedings, there was action taken, from time to time, in relation to this work. This action consisted of a verbal motion (at least no written one appears) of a councilman that certain action be taken. Without setting all these out the following will do as a sample:

"Mr. Schawe moved that the city clerk be instructed to advertise for one thousand perch or more quarried limestone, broken into macadam by city's rock crusher, to be delivered in any part of the city, where City Council deems necessary. Carried." "Oswald Winkler, Mayor; Jacob Fegert, City Clerk."

This character of evidence did not show an ordinance or resolution of the formality of an ordinance. An ordinance requires the assent and approval of the mayor to the action of the council. [Sec. 5832, R. S. 1899.] No consent or approval is shown by the records of the council thus put in evidence. The mayor's signature is merely an attestation of the minutes as president of the council. [Sec. 5757, R. S. 1899.] That is to say, it vouches that such proceedings took place, but in no way asserts that he approved of them. As president of the council he cannot even vote. [Sec. 5757.] His signature would appear to the minutes as presiding

at the council meeting, though he might not have favored the proceeding. [Rumsey v. Schell City, 21 Mo. App. 175.]

That an ordinance was necessary to a valid contract there can be no doubt. The charter of cities of the third class grants the power in their corporate capacity to be exercised by ordinance. [Section 5858, R. S. 1899, Am'd 1901, p. 63.] The section begins: "The cities coming under the provisions of this article, in their corporate capacity, are authorized and empowered to enact ordinances for the following purposes, and upon the following conditions, in addition to their other powers." This is followed by enumerating power to levy taxes for the general revenue. To open streets. To establish grade of streets, and to grade, pave, macadamize, gutter, curb and otherwise improve them, and to *repair* any such paving. The section is very lengthy; after enumerating many powers pertaining to assessments it again authorizes the city "to *repair* the paving, macadamizing on any street that may, in the opinion of the council need repairing and to assess the cost of such repairing as follows:" Then follows the mode of assessment. And then the section proceeds to declare that the cost of the work done as therein stated "shall be included as a part of the cost of the work done on the part of the street whose improvement is provided for by the *same ordinance and* contract." It is thus seen that the charter clearly contemplates and demands that the power of repairing of streets shall be exercised by ordinance. The repair of streets is enumerated with other important powers that no one would suggest could be exercised in any way other than by ordinance, or by resolution filling the requisites of an ordinance. The question has been many times determined by the Supreme Court and Court of Appeals. In Moore v. Cape Girardeau, 103 Mo. 470, 476, it is said power to repair must be exercised by ordinance.

In City to use v. Eddy, 123 Mo. 559, it is said the power to improve a street can only be exercised "by passing a lawful ordinance for that purpose." And so the same is said in Wheeler v. Poplar Bluff, 149 Mo. 36, and in Kolkmeyer v. City of Jefferson, 75 Mo. App. 678.

But even if it should be conceded a formal ordinance was unnecessary, it is clear that there must be legislative action in order to have a valid proceeding for repairs and this would require the council and mayor to act in conjunction. [Saxton v. Beach, 50 Mo. 488.] And this, as we have already shown, they have not done.

But plaintiff claims that defendant's answer admitted that there was a valid contract. We think not. The answer admits the advertisement for bids. And it alleges matter, in a manner, assuming a contract. Thus, that defendant "fully performed its part of the agreement between plaintiff and defendant."

"That there was no time fixed in such advertisement in which macadam was to be delivered, but on the contrary it was agreed between plaintiff and defendant the time said bid was received that defendant was not to call on plaintiff for macadam nor was plaintiff to have the crusher when the same would be needed for crushing macadam for concrete for brick streets."

"That plaintiff proceeded to get out and crush rock to fill contract with Drake & Brindle, and whatever expense he was at was to fill contract with them and not the contract with the city of Lexington."

That appellant "abandoned the contract and voluntarily gave up crusher to the city, and at no time since the acceptance of plaintiff's bid ever demanded said crusher for filling such contract."

"That defendant has accepted and paid for all the macadam offered defendant under such contract."

"That at no time since the acceptance of plaintiff's

bid has plaintiff notified defendant that he was ready to fill such contract or demanded crusher to use in filling said contract with the City of Lexington."

"That defendant is ready and willing and has been ready and willing to accept the balance of said one thousand perch of macadam whenever plaintiff offers same."

"That respondent waited on plaintiff to offer such macadam and to notify defendant when he was ready to furnish same and that plaintiff is estopped from claiming a breach of the contract."

The answer, thus written, might be said to have admitted there was a valid contract had matters been alleged in the petition which would have disclosed a valid contract under the charter. The words of the answer referred to the allegations of the petition and the issue there tendered. [Price v. Clevinger, 99 Mo. App. 540.] It is not pretended that the answer affirmatively, as an independent allegation, admitted a valid contract. Where it refers to a contract, it is the contract which the plaintiff set up in his petition and *that* the evidence showed was a contract made invalid by reason of not being authorized by an ordinance. It is worthy to remark in this connection, that plaintiff did not interpret the answer as an admission of a valid contract, else at the trial he would not have assumed the burden of undertaking, in detail, to prove that there was one. And when, upon objection by defendant, the court ruled that the case must fail for the reason that there was no ordinance and no valid contract, still no claim was made that a contract had been admitted. The case of Kemp v. School District, 84 Mo. App. 683, cited by plaintiff, is wholly unlike this. Besides the objection made by defendant in this case was not made in that.

It appears that plaintiff furnished a small part of the stone, and was paid therefor under authority of the adoption of a motion by the council as shown on

its minutes. This did not have any effect on the validity of the contract or justify the present action. [Johnson v. School District, 67 Mo. 319; Heidelberg v. County, 100 Mo. 76.]

So the mayor at the instigation of the council, after the beginning of this action, made a written demand on plaintiff to furnish the rock. We do not see how such action can have any binding effect on the city which can only be bound in the mode pointed out by the law. It is certainly not a ratification for if an ordinance is necessary to the validity of a contract of this nature, it is equally necessary for a valid ratification. [State ex rel. v. Milling Co., 156 Mo. 620, 634; Maudlin v. Trenton, 67 Mo. App. 452, 456.] The allegation of this fact in the answer does not constitute an admission that there was a valid contract.

The foregoing makes it unnecessary to take up plaintiff's contention that the proceeding, as a whole, make up a written contract though composed of separate papers. He being without an ordinance, his case is without a foundation, and this being the view of the trial court we must affirm the judgment. All concur.