J. J. McKISSICK, Appellant, v. MOUNT PLEASANT TOWNSHIP, Respondent.

**Kansas City Court of Appeals, March 7, 1892.**

1. **Township Organization:** CONTRACT TO WORK ROADS : DIRECTORS : ROAD OVERSEERS. Under section 8544, Revised Statutes, 1889, a contract to work the roads of the township must be made upon a public letting with the road overseer and be then approved by the township board of directors, and a contract made originally with the board is not valid, and will not bind the township.

2. ——— : ——— : RATIFICATION. As a board of directors cannot make a contract to work the roads, so they cannot, by payments on a contract they have attempted to make, so ratify it as to bind the township.

*Appeal from the Bates Circuit Court.*— HON. JAMES H. LAY, Judge.

AFFIRMED.

*Parkinson & Graves* and *Boxley & Horn,* for appellant.

(1) The subject-matter of the contract pleaded is lawful and authorized and not *ultra vires,* and the contract would be clearly binding on the corporation if entered into by the proper officers. Further, the action of the township by its officers and agents, when attempting to exercise its lawful power and authority in that behalf, but in an unauthorized manner, may be made the foundation of a right of action. *Dooley v. Kansas City,* 82 Mo. 444; *Worley v. Inhabitants of the Town of Columbia,* 88 Mo. 111; *Schumaker v. City of St. Louis,* 3 Mo. App. 297. (2) A mere technical departure from the power directed to be exercised will not discharge the corporation, or render a plea of *ultra vires* good, when the subject-matter of the

contract is a matter concerning which the corporation is empowered to act. *City of Pekin v. Newell*, 26 Ill. 320. (3) The petition shows the completion of the work by plaintiff, a knowledge of the work by the officer of the corporation, a participation therein by such officer, and, finally, a ratification and acceptance by a partial payment thereon. The rule that a subsequent affirmation is consent to, or acceptance of, a previous transaction is applicable to corporations as to individuals. The corporation can in this way ratify and make binding the irregular acts of its agents or officers. *Everett v. United States*, 30 Am. Dec. 584; *Dispatch Line v. Mfg. Co.*, 12 N. H. 205; *Holmes v. Board of Trade*, 81 Mo. 137. (4) It appears from the contract itself and from the petition, that the contract was approved by the township board of directors, and this act of approval makes the contract valid and binding. If the road overseer advertised for the bids and bids were received, and the plaintiff's bid was the lowest and best, and was approved as aforesaid, then the mere omission of the overseer to sign the contract is not fatal. *Bryson v. Johnson Co.*, 100 Mo. 76.

*DeArmond & Smith*, for respondent.

(1) The second and third grounds of demurrer were properly sustained because defendant could incur no liability except in pursuing its statutory powers in the manner conferred. 2 R. S. 1889, secs. 8430, 8544; Dillon, Mun. Corp.; *Head v. Ins. Co.*, 2 Cranch, 127; *Bank v. Dandridge*, 12 Wheaton, 70; *McDonald v. Mayor*, 68 N. Y. 23; *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Heidelberg v. St. Francois Co.*, 100 Mo. 69. (2) There is no averment in the petition that defendant ever paid anything upon the contract; the language being "that on this contract he has received $126 in poll tax and $25 in cash," without stating from whom received. (3) Even if the petition sufficiently

stated that the defendant had appropriated the appellant's work and paid him thereon $25, that would not bind respondent upon a contract not legally executed in the first instance. *Johnson v. School Dist.*, 67 Mo. 319; *Maupin v. Franklin Co.*, 67 Mo. 330; *Heidelberg v. St. Francois Co., supra; Mister v. City of Kansas*, 18 Mo. App. 217; *Crutchfield v. Warrensburg, supra; McDonald v. Mayor*, 23 Am. Dec. 144.

GILL, J.—The plaintiff sued the defendant for an amount alleged to be due for repairing the roads of the township, basing his claim on a written contract executed in the name of the township by the chairman of the board of directors thereof. To the second amended petition the court sustained a demurrer; plaintiff stood on the petition, final judgment was rendered for defendant, and plaintiff appealed.

It is unnecessary to state entire the allegations of the petition. The sufficiency of the writing signed by the plaintiff and by the chairman of the township board of directors (the alleged contract sued on) is the only matter we find important to consider. This instrument is filed with and set out in the petition; and its efficacy to bind the defendant township is thus assailed in the demurrer to the petition: "*Second.* It is averred in said second amended petition that the said contract sued upon herein was made and entered into by and between plaintiff and the board of directors of this defendant, and signed by the chairman thereof, and not made by and between plaintiff and the overseer of said road district, and approved by the defendant's board of directors as by law required. *Third.* Because the defendant's board of directors never had any power to make any such contract as the one sued upon in said amended petition, but only the power of approval of an otherwise valid contract made with the overseer of said road district.

I. The trial court sustained a demurrer to the petition on the grounds just quoted, and the propriety of that action is the sole question for our determination. The contract in suit must draw its vitality from that section of the township organization law designated as section 8544, Revised Statutes, 1889. It reads: "The township board of directors may, in their discretion, on or before the fifteenth day of April in each year, make an order duly entered of record, requiring the property tax assessed for road purposes to be paid in money, and directing the road overseers of the various road districts in their township to make contracts for working the roads and highways therein with the lowest and best bidder therefor; said overseers giving ten days' public notice of the letting of such contract publicly to the lowest and best bidder, with particular specifications of the work required to be done; said contract to be approved by the township board of directors."

It is clearly the intention of this statute that the several road overseers in the township shall, for it, contract with the parties to work the roads. The duties in this behalf are divided, part are to be performed by the board of directors and part by the overseers. It is left to the board, in the exercise of its discretion, to order the road tax to be paid in money rather than in work; and when so ordered then the road overseer must proceed to determine the work necessary to be done, shall advertise for bids, specifically setting out the work required; and when the bids are offered the overseer in behalf of the township enters into contract with the lowest and best bidder. The contract, it is true, must, before it becomes a binding obligation on the township, be approved by the board of directors, yet manifestly the duty of *making and signing* the contract for the work rests, by the clear words of the law, upon the road overseer. Hence, it follows that the instrument of writing here pleaded was not executed on behalf of the township by the party designated by the

law.   The township can only be held by a contract. made by the officer named in the act, and approved by the board of directors.   It requires the concurrent act of both the overseer and the board.   The action of either alone is insufficient.   A contract made by the overseer, without an accompanying approval by the board of directors, would not bind the township.   Neither could the board of directors alone bind the corporation in this matter of working the roads.   The language of Judge Sherwood in *Heidelberg v. St. Francois Co.* ( 100 Mo. 74 ) is here applicable :   " When special powers are conferred, or where special method is prescribed for the exercise and execution of a power, this brings the exercise of such power within the purview of the maxim, *expressio unius*, etc., and by necessary implication forbids and renders nugatory the doing. of the thing specified except in the particular way pointed out." Now, from the face of the petition here, it affirmatively appears that the road overseer did not make any contract with the plaintiff for the work sued for, and it must follow, therefore, that the township is not bound.   1 Dill. on Mun. Corp. [ 4 Ed.] sec. 449.

There is nothing in the way of ratification to be invoked in this case.   No payment that the directors or other officers of the defendant may have made to the plaintiff would validate this invalid contract.   As such officers could not make the contract in the beginning, so they are powerless afterwards to ratify any contract. 1 Dill. on Mun. Corp. [ 4 Ed.] sec. 465 ; *Maupin v. Franklin Co.*, 67 Mo. 330 ; *Johnson v. School Dist.*, 67 Mo. 319.

The judgment must be affirmed.   All concur.