CITY OF POPLAR BLUFF TO USE OF GEORGE B. WHEELER, Plaintiff in Error, v. E. W. HOAG, Defendant in Error.

St. Louis Court of Appeals, May 21, 1895.

1. **Cities of Third Class**: OPENING OF STREETS: COST OF GRADING. The cost of bringing a street up to grade in a city of the third class can not be charged against the abutting property, unless the city council shall first by ordinance declare that in their judgment the revenues of the city would not justify payment of such cost by the city.

2. ———: ———: ———: DISTINCTION BETWEEN ORDINANCE AND RESOLUTION. Such declaration will not be sufficient, when made by a resolution of the city council which has not been adopted with the formalities requisite in the passage of an ordinance.

3. ———: ———: ———. The cost of such grading can furthermore be charged against the abutting property only when the grading is to be done in connection with the complete improvement of the street.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Geo. L. Edwards* for plaintiff in error.

*Dinning & Byrns* for defendant in error.

BIGGS, J.—The city of Poplar Bluff is a city of the third class. The present action is to enforce in its name the collection of a special tax bill, issued by the municipal authorities against a lot belonging to the defendant. The bill was issued in favor of one Z. T. Allbright, who had the contract with the city for *bringing to grade* the street upon which the lot abuts. Allbright assigned the tax bill to Wheeler. The circuit court sustained a demurrer to the petition. The plaintiff declined to amend, and final judgment was entered on the demurrer.

The petition is quite voluminous, and we will therefore not attempt to set forth in detail its various averments. The cause of action, as stated, is that the municipal authorities by virtue of a certain resolution and ordinance, which are set forth, contracted with Allbright *to grade* the street on which the lot of defendant is located; that the amount of the tax bill was assessed against the lot as its proportionate share of the entire cost; that the tax bill had been assigned to Wheeler, and that the defendant had refused on demand to pay it. The whole authority for making the improvements, and for issuing the tax bill, was set forth.

The sufficiency of the petition is to be tested by reference to the statute governing cities of the third class (Revised Statutes, 1889, chapter 30, article 4). In support of the judgment the chief contention is that the cost of bringing a street to grade can only be charged against abutting property when the work is done in conjunction with other work necessary to the completion of the street, and then only when expressly authorized by ordinance.

By section 1495 of the statute, *supra*, cities of the third class are authorized by ordinance to open and improve streets, and make sidewalks, and build

bridges, culverts and sewers. All assessments for opening, widening and *bringing to grade* all streets shall be made on all the taxable property within the limits of the city. For making and repairing sidewalks the assessment shall be made on all lots abutting on the improvement. For paving, macadamizing, curbing and guttering streets, and for doing all excavation and grading necessary for the same after the streets have first been brought to grade, the assessment shall be made for each block separately on all lots on either side of the street.

Section 1498 provides that, when the city council shall deem it necessary to pave, macadamize or curb a street for which a special tax is to be levied, it shall by resolution declare such work necessary, and shall cause the resolution to be published in the newspaper doing the city printing for two consecutive weeks. If a majority of the resident owners of property do not protest, then the city council may order the improvements to be made.

The general policy of the law, as indicated, is to open, widen and grade streets, and build bridges, culverts and public sewers at the public expense, and to impose on abutting property other necessary street improvements, such as paving, guttering and macadamizing. But section 1501 provides that "the city council may, by *ordinance*, include in the special assessment the cost of *bringing to the established grade* any street * * * proposed to be improved, under the provision of section 1498, when in their opinion or judgment the general revenue fund of the city is not in a condition to warrant an expenditure for bringing the same to the established grade: *Provided*, that the resolution declaring such work necessary to be done, and published in the newspaper doing the city printing, as required in said section, shall, in addition to the

other work of improvement therein provided for, include and describe the work of bringing such street, avenue, square or alley, or part thereof, to the established grade. In all such cases, when such work is authorized by virtue of such a resolution, and is contracted for in pursuance thereof, the bringing to grade as above described shall be included in the same contract with other work provided for therein, and tax bills shall be issued in payment for all said work as may be provided for by ordinance.''

The meaning of the foregoing section is reasonably plain. If an unimproved street needs to be opened and improved, and the general revenue fund of the city is such that, in the judgment of the city council, an expenditure for bringing the street to grade at the public expense would not be warranted, then the cost of it may be made a special charge against the adjacent lots, provided the city council shall first declare by *ordinance* that, in their judgment, the revenues of the city would not justify the expense of the improvement, and then include, in the published resolution for the other improvements of the street, a description of the additional work. When these things have been done, and no protest is made, the entire work may be ordered; and the last clause of the section provides that the entire work shall be included in the same contract.

Now, it is quite evident that, in the case at bar, the city council has failed to take the necessary steps to charge the defendant's property with the cost of bringing the street to grade. In the first place, it passed no ordinance, but simply declared by resolution that, in its judgment, the revenue of the city would not justify the grading of the street at the public expense. This did not meet the requirements of the statute, unless the resolution was adopted by the same formalities required in the passage of ordinances,

which was not the case, as appears from the averments in the petition. *City of Springfield v. Knott*, 49 Mo. App. 613; *Cape Girardeau v. Fougeu*, 30 Mo. App. 551. The general ordinance of the city which provides for the paving, guttering and macadamizing of streets, and which is set forth in the petition, is not sufficient.

Again, the resolution under which the work was done discloses that the bringing of the street to grade was the *only* work contemplated, and that, in the opinion of the city council, the additional burden of otherwise improving the street should be postponed. This the city council could not do. The other improvements of the street were required to be done in conjunction with the grading. The statute plainly says that this must be done, and the requirement is not without reason, if a reason were needed, as counsel for plaintiff argues. In many instances, property owners could well afford to pay for the grading of streets, rather than not have them open at all. With the streets properly constructed their property would be increased in value, thereby compensating them for the additional tax. But simply bringing the streets to grade and leaving them for an indefinite time without paving, guttering or culverts, would likely prove detrimental, rather than beneficial, to the adjacent property. These considerations, doubtless, influenced the legislature in so framing the statute. However, it is sufficient for the courts that it is so written.

It follows that the judgment of the circuit court, sustaining the demurrer to the petition must be affirmed. All the judges concur.