W. H. KOLKMEYER & COMPANY, Respondents, v. THE CITY OF JEFFERSON, Appellant.

Kansas City Court of Appeals, May 30, 1898.

1. **Municipal Corporations**: THIRD CLASS CITIES: STREET GRADING. The council of a third class city may cause its streets to be graded and paid for out of the public funds or by the issue of special tax bills against the adjoining property.

2. ——: ——: ——: ORDINANCE. A third class city is not liable for street grading unless the work is authorized by an ordinance lawfully passed and signed by the mayor although the work may have been done under the direction of its street committee and commissioner.

3. ——: ——: ——: ——: RATIFICATION. A third class city can only ratify and make itself liable for the authorized act of its street authorities in grading a street by ordinance duly passed.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED.

CONRAD WALDECKER and F. M. BROWN for appellant.

(1) The statute (R. S. 1889, sec. 1496) provides that the work mentioned in the contract shall be paid

for by special tax bills in the manner provided by ordinance. Section 9 of ordinance 38, approved February 7, 1890. The statute, the ordinance and the contract itself are so broad and comprehensive in their terms, that any recovery against the city is denied respondents in any form of action whatever. Keating v. Kansas City, 84 Mo. 415; Oster v. Jefferson City, 57 Mo. App. 485. (2) The fact that the excess of macadam and gravel, over and above the estimate of the city engineer, was put on the streets at the direction of the street commissioner and street committee does not render the city liable. The law implies no undertaking on the part of a city by reason of a contract made by her officers in violation of law. Mister v. Kansas City, 18 Mo. App. 217; Leathers v. Springfield, 65 Mo. 504; Cheeney v. Brookfield, 60 Mo. 54; Crutchfield v. Warrensburg, 30 Mo. App. 456; Thomson v. Boonville, 61 Mo. 282. (3) Respondents were bound to take notice of the extent of authority conferred by law upon the street commissioner and street committee and will be held to have known that in ordering gravel and macadam placed upon the streets in excess of the engineer's estimates they were acting without authority. State ex rel. v. Hays, 52 Mo. 578; Mister v. Kansas City, 18 Mo. App. 217; Cheeney v. Brookfield, 60 Mo. 53. (4) The case of Steffen v. St. Louis, 135 Mo. 44, relied upon by respondents on the trial, and upon the authority of which the court decided the case for them, differs entirely in its facts from the case at bar, and constitutes no authority for the ruling of the trial court.

F. E. LUCKETT and A. M. HOUGH for respondents.

(1) The city, under its charter, has authority to grade streets and pay for same out of the general fund.

It is well settled that the law of principal and agent governs a corporation the same as an individual, and if the agent for a corporation makes a contract that the corporation itself could make, and one which was incident to his authority as the agent of this employment either in express or implied terms, the corporation is bound. Sparks v. Dispatch Co., 104 Mo. 531; Cabb v. Doy, 106 Mo. 278; Samuel v. Bertee, 53 Mo. App. 587; Oster v. Jefferson City, 57 Mo. 485; Dillon on Mun. Corp., sec. 463; Murphy v. Louisville, 9 Burt. (Ky.) 189; Kearney v. Covington, 1 Met. (Ky.) 345; Dillon on Mun. Corp., sec. 488; Omaha v. Hammond, 94 N. S. 98. The public purposes for which cities may incur liabilities is not one for which precedent may be found, but the test is whether the work is required for the general good of the inhabitants. Sun Pt. Ass'n v. Mayor, 40 N. Y. S. 607; McBean v. Fresno, 112 Cal. 159. (2) Again, a city is liable for extra work done on a public improvement which was made necessary by a mistake of the engineer. If the extra amount of gravel and macadam put upon the streets was made necessary by a mistake of the city engineer, the city is liable. McClann v. Albany, 42 N. Y. 94. (3) A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the scope of its corporate powers. Dillon on Mun. Corp., sec. 463. The principle as to ratification of contracts is the same with corporations as to individuals. Dillon, sec. 463 and cases cited in note 1. A city is liable for extra work done on a public improvement which was made necessary by a mistake of the engineer. 42 N. Y. 94.

SMITH, P. J.—The council of the defendant, a city of the third class, deeming it necessary to macadamize two of its streets between certain designated

points, passed a resolution to that effect and caused the same to be published in conformity to the requirements of section 1498, Revised Statutes. The majority of the resident owners of the property liable to taxation for such improvement interposed no protest against the same. The city engineer submitted to the council an estimate of the cost of the proposed improvement, as required by section 1497, Revised Statutes. On September 1, 1891, the council, under the authority conferred by said section 1498, entered into a written contract with the plaintiff for the making of said improvement. It is conceded that the parts of said streets which the council had resolved should be macadamized had not been brought to the established grade. The plaintiffs could not perform their contract until this was done. The plaintiffs, under the direction of the street committee of the council, and the street commissioner of defendant, placed the quantity of macadam on said streets that was necessary to bring the same to grade.

The contract was then performed and tax bills issued by the defendant to the plaintiffs for the cost of the entire improvement. The amount claimed for bringing the said streets to grade was added to the cost of the authorized improvement and thus apportioned among the abutting lots liable for the latter. The abutting lot owners declined to recognize the validity of such tax bills so issued, as well they might. Carthage v. Badgeley, 73 Mo. App. 123. The plaintiffs bring this suit to recover of the defendant for the macadam placed on said streets in excess of that required by the said estimate of the city engineer.

The provisions of sections 1495, 1496, 1498, 1501, Revised Statutes, conferred on the defendant the power by ordinance to bring said streets to grade and

Kolkmeyer & Co. v. City of Jefferson.

to pay for the cost thereof in two ways.
MUNICIPAL cor- It could ordain that the cost of such
porations: third
class cities: grading be paid out of the general rev-
street grading.
enue fund. If, however, in the judg-
ment of the council, that fund was in such condition
as not to warrant the expenditure for such grading
then, in such case, the cost thereof might have been
included by ordinance in a special assessment for
macadamizing, etc., and paid for by the issue of tax
bills, but until the council so adjudged it was without
power to include by ordinance the cost of bringing a
street to grade on a special assessment. It is mani-
fest that the cost of the bringing of the streets to
grade could not be charged against the abutting lots.

It is the plaintiff's contention that since the
macadam necessary to bring said streets to grade was
placed therein by the direction of the street committee
and the street commissioner, and that
——:——:——: such improvement in its entirety was ac-
ordinance.
cepted by the council under the contract,
and tax bills issued against the abutting lots for the
cost thereof, that the defendant is therefore liable for
the cost of bringing said streets to grade. No street
of a city of the third class can be graded, nor can
payment of the cost thereof be made in either of the
ways prescribed by the statute, except in pursuance of
a lawful ordinance passed for that purpose. R. S.,
sec. 1495; Nevada v. Eddy, 123 Mo. 546.

A bill passed by the council could not become an
ordinance though passed by the council and signed
by the president thereof unless the mayor signed or
refused to sign the same in the manner prescribed by
section 1537, Revised Statutes. The mayor being a
part of the law making power, his concurrence in leg-
islative action is essential to its validity. Eichenlaub

v. St. Joseph, 113 Mo. 395. In the absence of an ordi-
nance first lawfully passed for that purpose the coun-
cil is powerless to expressly or impliedly direct the
bringing of a street to grade, at the expense of the city.
If either the council, or the street commitee, or the
street commissioner should authorize the grading of a
street under such condition, the act of each and all of
them would be *ultra vires*. Reese on Ultra Vires,
sec. 190. If the street committee and street commis-
sioner, as here, direct a street or streets to be brought
to grade, and after the work is done the council accept
the same, this will not bind the city.

When special powers are conferred or where spe-
cial method is prescribed for the exercise and execution
of a power this brings the exercise of such power
within the provision of the maxim *expressio unius*, etc.,
and by necessary implication forbids and renders
nugatory the doing of the thing specified, except in
the particular way pointed out. Heidelberg v. St.
Francois Co., 100 Mo. 74; McKissock v. Mt. Pleasant
Twp., 48 Mo. App. 416. The defendant's charter con-
fers upon it no power to open, widen and bring to
grade streets and avenues, or to build bridges, culverts
and sewers, or to make an assessment on the taxable
property within its limits, except by ordinance duly
passed and in which the mayor shall have concurred.
Until the passage of such an ordinance the council can
take no steps in that direction. If the council could
not itself direct the grading of the street in question,
how could it ratify the joint act of its street committee
and the street commissioner in doing so? The coun-
cil, in the absence of an ordinance lawfully passed, is
impliedly forbidden to exercise such power.

A municipal corporation may ratify unauthorized
acts and contracts of its officers which are within the

—: —: —: ratifica-
tion.

scope of the corporate powers, but not otherwise. But as the defendant could only authorize the grading of said streets by an ordinance (section 1495) it could not ratify the unauthorized act of the street committee and street commissioner, except by the passage of an ordinance for that purpose. McCracken v. San Francisco, 16 Cal. 591; Pimental v. San Francisco, 21 Cal. 351; Cross v. Morristown, 18 N. J. Eq. 305. As no ordinance had been passed for grading the street the council had no more power than the street committee or the street commissioner, and therefore could not ratify the exercise of an authority which it did not itself have. Dillon on Mun. Corp., sec. 465; Maupin v. Franklin Co., 67 Mo. 330; Johnson v. School Dist., 67 Mo. 319; McKissock v. Mt. Pleasant Twp., 48 Mo. App. 416. The action of the council in accepting the work performed by the plaintiffs in grading the said streets by the direction of the street committee and street commissioner was not an authorized exercise of power and did not bind the defendant. The ratification could be accomplished if at all only by the passage of an ordinance for that purpose. It may be that the defendant can by appropriate ordinance ratify the unauthorized act of its officers in directing said improvement to be made, but that it has not thus far done so is clear. The case of Steffens v. St. Louis, 135 Mo. 44, cited by plaintiffs, is not in point, for there the street commissioner did not exceed his authority as here in directing the work to be done. The two cases are not at all analagous.

It may be further suggested that the extra work contemplated by the contract between plaintiffs and defendant related to macadamizing of the said streets, and not to the grading of them, and that in it is found no semblance of authority for the performance of the

work directed by the street committee and the street commissioner.

Were it not for the fact that the plaintiffs must be presumed to have known of the want of authority in the defendant's said officers to direct them to bring the said streets to grade and thus bind the defendant, the case might be regarded as one of great hardship. Keating v. Kansas City, 84 Mo. 415.

In no view of the case which we are able to take do we think the plaintiffs are entitled to recover, and it therefore follows that the judgment must be reversed. All concur.