THE CITY OF SEDALIA to the use of S. H. TAYLOR, Respondent, v. D. T. ABELL, et al., Appellants.

Kansas City Court of Appeals, December 7, 1903.

1. TAXBILLS: Paying for Grading: Ordinance. Taxbills issued by a city of the third class under the Act of 1893, for grading and paving a street are void, unless there is an ordinance declaring that the revenue fund of the city was not in a condition to pay for the grading.

2. ————: Grading: Paving: Ordinance: Contract: Estoppel. The ordinance, contract and other papers for street improvements providing for the grading and paving of said street, and tax-

bills were issued accordingly, but there was no ordinance declaring that the general revenue fund was not in condition to pay for the grading. *Held*, in a suit on the taxbills the contractor could not show that there was in fact no grading done, and can not be allowed a taxbill for doing only one of the two things called for in the ordinance, the contract, and other papers relating thereto.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED AND REMANDED.

*John Cashman* and *G. W. Barnett* for appellants.

(1) The taxbill sued on is void because the city council did not declare by ordinance or otherwise, that in its judgment the general revenue fund of the city was not in a condition to warrant an expenditure therefrom, for bringing the street to the established grade. Carthage v. Badgley, 73 Mo. App. 123; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; Wheeler v. Poplar Bluff, 149 Mo. 36; Poplar Bluff v. Hoag, 62 Mo. App. 672; Act of April 19, 1893, Laws 1893, 3d par., sec. 108, p. 90. (2) When special powers are conferred, or where special method is prescribed for the exercise and execution of a power this brings the exercise of such power within the provision of the maxim *expressio unius est exclusio alterius,* and by necessary implication forbids and renders nugatory the doing of the thing specified except in the particular way pointed out. Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 683; Heidelberg v. St. Francois Co., 100 Mo. 69 l. c. 74; City to use v. Eddy, 123 Mo. 546 l. c. 558; Globe Furn. Co. v. District 7, 51 Mo. App. l. c. 551; City of Unionville v. Martin, 68 S. W. 605 l. c. 607. The plaintiff is estopped to deny that there was grading necessary to be done. The plaintiff is bound by the findings of the council in the resolution and the ordinance to the effect that it was necessary to bring said street to the established grade. The find-

ings of the council are conclusive as to those facts and estop the plaintiff from alleging anything to the contrary, as the taxbill and cause of action is bottomed upon the proceedings of the council. Knopfli v. Roofing & Paving Co., 92 Mo. App. 280, at pages 291 to 294.

*Charles E. Yeater* and *Scarritt, Griffith & Jones* for respondent.

(1) We contend and submit that the question of fact as to whether or not there was grading to be done by the contractor,S. H. Taylor, more than such grading as is regularly a part of a contract to pave, and if so whether or not the cost of the same was included in the special assessments and taxbills against the abutting property, having been submitted to the lower court sitting as a jury, a jury having been waived, the finding of the court is conclusive both upon the parties and upon this court. Nelson v. Railroad, 66 Mo. App. 651. (2) If there were findings in the council's record, which we deny, that there was in fact ''extra'' grading to be done upon the street in question, and that the cost of the same was included in the special assessments against the abutting property, are these findings absolutely conclusive upon the court? We contend not. Appellants assert that such findings, if any, are conclusive but cite no case which is authority for such assertion, because, as we believe, there is none. They do cite the Knopfli case upon this point, but no such conclusion is reached in that case. (3) To give to the resolution and ordinance in question the construction contended for by appellants would be to make it void, a nullity. The universal rule is, however, that that construction will be adopted, if possible, that will give validity to the council's actions. State ex rel. v. County Court, 128 Mo. l. c. 442; Verdin v. St. Louis, 131 Mo. 117; Field v. Barber Asphalt Pav. Co., 117 Fed. 927.

ELLISON, J.—This action is to recover the amount of a special taxbill issued for street work in the city of Sedalia.    The plaintiff recovered in the trial court.

The city of Sedalia is a city of the third class, and at the time of the proceedings in controversy was governed by the laws of 1893, p. 90, secs. 108 and 109, wherein it is provided that the cost of bringing a street to grade may be paid out of the general revenue, or that such cost may be paid by a general assessment on taxable property within the city. It is also provided in said law, that the cost of paving, guttering and curbing, and for doing "all excavating and grading necessary for the same (after said streets  .  .  . have been first brought to grade) shall be levied as special assessments upon the lots on either side of the street." It is further provided that the city council may by ordinance include in such special assessment against the lots on either side of the street, also include the cost of bringing the street to "the established grade;" provided, such council is of opinion that the general revenue fund of the city is not in condition to warrant an expenditure therefrom of bringing the same to the established grade. It was also provided that there should be a preliminary resolution declaring it necessary to pave. The grade on the street in question had theretofore been established by the city council.

In pursuance of such charter powers the city council passed the following resolution:

"That we deem and declare it necessary that Fourth street be brought to the established grade and paved from the west line of Thomson avenue to the east line of Park avenue, and that this resolution be published in the paper doing the city printing for two consecutive weeks by fourteen consecutive insertions."

Afterwards, the council passed an ordinance providing:

"Section 1.    That all that part of Fourth street between the west line of Thomson avenue and the east line

of Park avenue be brought to the established grade and paved according to the specifications herein contained.'' etc., etc.

Still section 1 of said ordinance has this provision:

'' All the earth and materials taken shall be removed and either used for filling where the same may be neces-sary, or entirely taken away, and said street to be thoroughly rolled before any paving material is put thereon and the grading shall always be at least one square in advance of the paving.''

The estimate for the work prepared by the city en-gineer was as follows:

''Estimate for bringing to grade and paving Fourth street from the west line of Thomson avenue, to the east line of Park avenue:

''Grading and excavating, per square yard, $ .10
Concrete base, per square yard ............ .70
Asphalt, per square yard.................. 1.00
Profit, per square yard .................. .20

$2.00''

The notice for bids was as follows:

''Notice is hereby given, that the city council of the city of Sedalia, Missouri, will receive and consider bids or proposals for the grading and paving of Fourth street, from the west line of Thomson avenue to the east line of Park avenue, as provided by an ordinance of said city, entitled: 'An ordinance providing for the grad-ing and paving of Fourth street, from the west line of Thomson avenue to the east line of Park avenue' passed July 1, 1895, and approved July 2, 1895. All bids shall be based on the specifications, and conform to the pro-visions and requirements of said ordinance, and shall be filed in the office of the city clerk not later than five o'clock p. m. on the fifteenth day of July, 1895, and shall be sealed.''

The written bid of the plaintiff was as follows:

"To the mayor and city council, Sedalia, Mo.:

"I hereby propose to bring to the established grade and pave Fourth street from the west line of Thomson avenue, to the east line of Park avenue, according to the specifications applying to said work, for the sum of one (1) dollar and sixty-five (65) cents per square yard, and I propose to use the following materials in said paving: Trinidad asphalt and Louisville or Milwaukee cement."

Plaintiff's contract contained, among others, the following provisions:

"Whereas, the said S. H. Taylor was and is the lowest and best bidder for the grading and paving of Fourth street, in said city of Sedalia, under and in pursuance of the ordinance passed by the council of said city and approved by the mayor thereof on the second day of July, 1895, entitled 'An ordinance providing for the grading and paving of Fourth street from the west line of Thomson avenue to the east line of Park avenue,' and the contract to do all the work provided for in said ordinance has been duly awarded to said S. H. Taylor, by the council of said city; . . . That the said S. H. Taylor shall well and truly do all the grading and paving required and provided for in the above named ordinance and furnish all material for the same, and in the doing thereof will abide by that ordinance and all ordinances of said city pertaining to and regulating such work and the doing thereof, . . . It is further agreed that the above mentioned ordinance of July 2, 1895, and all other ordinances of said city regulating and affecting the matter of doing said work and guarding from accidents while so doing, and providing indemnity, etc., shall form a part of this contract as though the same were set out herein."

It will be noticed that there was no ordinance declaring that in the opinion of the council the general revenue fund of the city was not in condition to pay the cost

of bringing the street to established grade. It is conceded that the council has no power to let work bringing a street to the established grade without first adopting such an ordinance, and that if it does, the taxbills issued in payment are void. It has been frequently so ruled. Wheeler v. Poplar Bluff, 149 Mo. 36; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; Poplar Bluff v. Hoag, 62 Mo. App. 672.

But plaintiff insists, in support of the judgment, that in point of fact the street was not brought to the established grade, and that the only grading done was in excavating eight inches to make space for the depth of paving. He states that the grade as established by the council as aforesaid "conformed practically" to the natural surface. This contention involves a flat contradiction of the entire proceedings leading up to the letting of the contract, including, not only the ordinance, but the plaintiff's bid and his contract thereunder. To allow this in one instance would authorize its allowance in all instances. It would work a complete destruction to the safeguards the law has thrown around the citizen in proceedings instituted to take his property from him without his consent. It would set aside every principle of law which requires certain specified steps of record to be taken in order that proceedings like special taxation may be validated.

But allowing plaintiff the privilege of proving that in point of fact the street was not brought to grade, it would still leave him without any legal support. He would then be in the condition of having done work not provided for in the proceedings of the council. The work provided for was to grade the street, or as expressed, to bring the street to the established grade, and to pave it. Manifestly, he can not be allowed a taxbill for doing only one of the two things, when both were included in the ordinance, the notice of letting of bids and the bid itself. On this general subject see Galbreath

v. Newton, 30 Mo. App. 380.   The judgment was for the wrong party and will be reversed with directions to enter judgment for defendant.   All concur.

The foregoing opinion is modified so as to remand cause.