SARAH A. MAUDLIN, Appellant, v. CITY OF TRENTON, Respondent.

Kansas City Court of Appeals, November 23, 1896.

1. **Municipal Corporations:** CITIES OF THE THIRD CLASS: CHANGE OF GRADE IN STREET: ACTION. A street committee of a city of the third class has no power to change the grade of a street—since that must be done by ordinance—and no action will lie for damages accruing from such change of grade.

2. ——: ——: RATIFICATION: ORDINANCE. Ratification by a city of the third class of an unauthorized action of its street committee must be by ordinance.

*Appeal from the Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*Geo. Hall & Son* for appellant.

(1) Under section 21, article 2, of the constitution of the state of Missouri, the defendant was liable for changing the grade of the street in front of plaintiff's property, and this property, and this provision of the constitution is self-enforcing. *Householder v. The City of Kansas*, 83 Mo. 488; *Sheehy v. Cable Co.*, 94 Mo. 574; *Hickman v. City of Kansas*, 120 Mo. 110; *Markowitz v. Kansas City*, 125 Mo. 485; *McElroy v. City of Kansas*, 21 Fed. Rep. 257; *Carson v. City of Springfield*, 53 Mo. App. 289. (2) The defendant city had the power, under the laws of 1893, page 65, under which it is organized, to change the grades of its streets, and the acts of its officers in making the change were not *ultra vires*. Dillon on Municipal Corporations [3 Ed.], sec. 968; *Hunt v. City of Boonville*, 65 Mo. 620. No formality was necessary to authorize the street committee to do the work, and no ordinance was required. Laws of 1893, sec. 110, p. 93. (3) The defendant having the power and authority to change the grade of its streets, is liable for the damages done to plaintiff's property by its officers and agents in changing such grade, although not authorized by ordinance, It ratified their acts. Elliott on Roads, p. 357; Dillon on Municipal Corporations [3 Ed.], sec. 968; Beach on Municipal Corporations, 1141; 19 Am. and Eng. Encyclopedia of Law, 471, 472, 473; *Thayer v. Boston*, 19 Pick. 511; 31 Am. Dec. 157; *Davis v. City of Jackson,*

28 N. W. Rep. 526; *Bruce v. Dickey*, 6 N. E. Rep. 435; *Meinzer v. City of Racine*, 32 N. W. Rep. 139; *Trustees, etc., of P. E. Church v. Anamosa*, 41 N. W. Rep. 313; *Whitmore v. Village of Tarrytown*, 16 N. Y. Sup. 740; 62 Hun, 619; *Murphy v́. City of Albina*, 29 Am. S. Rep. 578; *Orlando v. Pragg*, 34 Am. S. Rep. 17, and note; McCormick's Appeal, 44 Am. S. Rep. 671; *McKnight v. City of Philadelphia*, 91 Pa. St. 275; *Manufacturing Co. v. Allentown*, 153 Pa. St. 319; *Soulard v. City of St. Louis*, 36 Mo. 546, 552, 553; *Dooley v. The City of Kansas*, 82 Mo. 444; *Schumacher v. City of St. Louis*, 3 Mo. App. 297; *Imler v. Springfield*, 30 Mo. App. 669; *Hawks v. Charlemont*, 107 Mass. 417; *Water Co. v. City of Aurora*, 129 Mo. 540, 583; *City to use of Lancaster v. Armstrong*, 56 Mo. 298.

*Hugh C. Smith* and *Harber & Knight* for respondent.

(1) It not appearing from appellant's petition that any ordinance was passed by the council authorizing the improvement complained of, and in fact it being admitted by appellant's counsel that no such ordinance was passed, the action of the trial court in excluding the evidence offered was proper and in exact accord with the rulings of this court in *Gehling v. St. Joseph*, 49 Mo. App. 432; *Werth v. City of Springfield*, 22 Mo. App. 17. (2) The power of cities of the third class to grade streets must be exercised by ordinance. Session Acts, 1893, sec. 108, p. 90; Session Acts, 1893, sec. 109, p. 92. (3) A city can do only those things that its charter or the general statutes expressly authorize it to do, and it can do those things only in the exact manner prescribed, otherwise the municipality is not bound. 15 Am. and Eng. Encyclopedia of Law, p. 1042; *Zottman v. San Francisco*, 81 Am. Dec. 96; *Bird-*

sall v. Clark, 29 Am. Rep. 105, note; Werth v. Spring-
field, 78 Mo. 107; Werth v. Springfield, 22 Mo. App. 12;
Stewart v. Clinton, 79 Mo. 603; Thompson v. Boonville,
61 Mo. 282; Rowland v. Gallatin, 75 Mo. 134; Beatty
v. St. Joseph, 57 Mo. App. 251; Gehling v. St. Joseph,
49 Mo. App. 432; Thrush v. Cameron, 21 Mo. App. 394;
Manufacturing Co. v. Schell City, 21 Mo. App. 175;
Johnson v. School Dist., 67 Mo. 321; Keating v. City of
Kansas, 84 Mo. 419; Sturgeon v. Hampton, 88 Mo. 203;
City of St. Louis v. Clemens, 43 Mo. 395. (4) Where
officers fail to pursue the strict requirements of a stat-
utory enactment under which they are acting, no sub-
sequent action on their part can give validity to their
acts. Smith v. Newburg, 77 N. Y. 130; 19 Am. and
Eng. Encyclopedia of Law, p. 474, note 2; City of
Bryan v. Page, 32 Am. Rep. 637; Marsh v. Fulton Co.,
10 Wall. (U. S.) 676; Peterson v. Mayor, 17 N. Y.
449-454; Ruggles v. Collier, 43 Mo. 367. (5) If it is
ever possible for a city to ratify the unauthorized acts
of its officers, this ratification must be in the same man-
ner as authority could have been legally conferred
in the first instance, i. e., where by charter or statute
the passage of an ordinance is a condition precedent to
the doing of the work by the city, the ratification must
be by ordinance, or the city is not bound. Dillon on
Mun. Corp. [2 Ed.], sec. 387, note 1; Peterson v. Mayor,
17 N. Y. 449; Smith v. Newburg, 77 N. Y. 136; 19 Am.
and Eng. Encyclopedia of Law, p. 474, note 2; City of
Bryan v. Page, 32 Am. Rep. 637; Marsh v. Fulton Co.,
10 Wall. (U. S.) 676; Crutchfield v. Warrensburg, 30
Mo. App. 456; Despatch Line v. Mfg. Co., 37 Am.
Dec. 203; Johnson v. School Dist., 67 Mo. 319; Manu-
facturing Co. v. Schell City, 21 Mo. App. 175.

ELLISON, J.—This action is based on a claim for
damages accruing to plaintiff's property by reason of a

change in the grade of a street made by direction of a street committee who were officers of defendant city. It was conceded that there was no ordinance authorizing the change of the grade. The court held the petition did not state a cause of action against the city and plaintiff took a nonsuit with leave to move to set it aside.

The charter of defendant city authorized the grading and altering of grades of streets by ordinance. This being so it measured the rights of the city in this respect and confined its authority to act within the limit of the legislative department of the city evidenced by a proper ordinance. This has been so frequently decided by the appellate courts of the state that we need do no more than cite the cases. *Gehling v. St. Joseph*, 49 Mo. App. 432; *Werth v. Springfield*, 78 Mo. 107; s. c., 22 Mo. App. 12; *Stewart v. Clinton*, 79 Mo. 603; *Thompson v. Boonville*, 61 Mo. 282; *Rowland v. Gallatin*, 75 Mo. 134; *Beatty v. City of St. Joseph*, 57 Mo. App. 251. The cases cited by plaintiff's counsel from this state are to be distinguished from the class to which this one belongs. At least, we are not at liberty to depart from a line of authority directly applicable to the case presented.

Nor did the offer to show ratification aid plaintiff's case. The ratification was by similar unauthorized acts of city officials, and did not include acts of the legislative department of the city government.

We are satisfied the action of the circuit court was in accordance with the rule in this state, and its judgment is therefore affirmed. All concur.