GEORGE HALL, Appellant, v. CITY OF TRENTON, Respondent.

Kansas City Court of Appeals, December 17, 1900.

Municipal Corporations: CHANGE OF GRADE: LIABILITY: ORDINANCE.  A city is not liable for damages caused by a change of grade unless it directed such change by an ordinance.

Appeal from the Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*O. G. Bain* and *Hall & Hall* for appellant.

(1) The defendant was liable for damages to plaintiff's property by reason of changing the grade of the street in

front of it. Cons. of Mo., art. 2, sec. 21; R. S. 1889, secs. 1815,1821; Householder v. City of Kansas, 83 Mo. 488; Sheehy v. Cable Co., 94 Mo. 574; Hickman v. City of Kansas, 120 Mo. 110; Markowitz v. Kansas City, 125 Mo. 485; Davis v. Railway, 119 Mo. 180; Smith v. City of St. Joseph, 122 Mo. 643; Gibson v. Zimmerman, 27 Mo. App. 90; Werth v. City of Springfield, 78 Mo. 107.

*O. M. Shanklin* and *Harber & Knight* for respondent.

(1) The plaintiff's petition and each count thereof, is for damages claimed by reason of the "changing and raising the grade" of College avenue in front of his property. This allegation having been denied it devolved upon the plaintiff before he was entitled to have this case submitted to the jury, to show that a grade of said street had previously been established, and this, too, by ordinance, and then that an ordinance directing the change of the grade so established, had been duly passed. Werth v. City of Springfield, 78 Mo. 107; Stewart v. City of Clinton, 79 Mo. 603. (2) The council of respondent is "authorized and empowered to establish grades for its streets by ordinance." Acts of 1893, sec. 108, p. 90. (3) The charter of the city authorized the establishment of a grade upon its streets by ordinance, and it was authorized by ordinance to change any established grade. Werth v. Springfield, 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Werth v. Springfield, 22 Mo. App. 12; Thrush v. Cameron, 21 Mo. App. 394; Mfg. Co. v. Schell City, 21 Mo. App. 175; Thompson v. Boonville, 61 Mo. 282; Maudlin v. Trenton, 67 Mo. App. 452; Gehling v. St. Joseph, 49 Mo. App. 430; Beatty v. St. Joseph, 57 Mo. App. 251; Rowland v. Gallatin, 75 Mo. 134; Saxton v. St. Joseph, 60 Mo. 153; Saxton v. Beach, 50 Mo.

488; Trenton v. Coyle, 107 Mo. 194; Cape Girardeau v. Fougeu, 30 Mo. App. 551; City to use v. Eddy, 123 Mo. 546; Crutchfield v. Warrensburg, 30 Mo. App. 456; Vaile v. Independence, 116 Mo. 337; Trenton v. Clayton, 50 Mo. App. 535; City of St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125.

ELLISON, J.—Plaintiff brought this action against the defendant city for damages alleged to have accrued to him by reason of injury to his property caused by the change in the grade of one of defendant's streets. The evidence was heard and instructions submitted, whereupon the jury found for defendant and judgment was entered thereon.

The plaintiff's petition is in two counts each for a distinct injury, though each injury is alleged to have resulted from a change in the grade of the street. The first count charges that plaintiff had built certain improvements on certain property on College avenue with reference to the then established grade. That afterwards the city, by ordinance and "order," changed such grade, the damage resulting as a consequence. The second count relates to a change of grade and establishing gutters along the sides of the street as changed whereby the waters were discharged on his property and formed into ponds, becoming stagnant, etc.

There is much discussion of the various questions which are deemed of importance by counsel, but one point made in behalf of defendant seems to us to definitely settle the case in its favor and leads to an affirmance of the judgment. That point is, that there is a lack of evidence to establish that the city ever changed the grade of the street as charged in the petition. To change the grade of the street there should be an ordinance duly passed by the city council directing the change and stating the change to be made. In order to hold the city liable for damage caused in the manner this is

alleged to have been caused, such city must have directed the improvement or change of grade by ordinance. Werth v. Springfield, 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Werth v. Springfield, 22 Mo. App. 12; Maudlin v. Trenton, 67 Mo. App. 452; Thompson v. Boonville, 61 Mo. 282.

Defendant offered a demurrer to the evidence at the close of plaintiff's case and at the close of the whole evidence. The demurrer should have been sustained, but since the same result followed in the verdict and judgment no harm has resulted to defendant. It follows that the judgment was for the right party and we need not examine the other phases of the case which have been argued.

Affirmed. All concur.