CHARLES H. KOEPPEN, Respondent, v. THE CITY OF SEDALIA, Appellant.

Kansas City Court of Appeals, June 3, 1901.

Cities of the third Class: GRADING STREETS: ORDINANCE: ACTION. A city of the third class has authority by ordinance to grade its streets, etc., but can not delegate such power to its officers, and is not liable for the acts of such officers in grading and changing the grade of its streets unless it authorize such improvements by ordinance.

Appeal from Pettis Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED.

*C. C. Kelly* and *John Cashman* for appellant.

(1)   The court should have sustained the defendant's demurrer to plaintiff's petition, and failing in this, should have sustained its objection to the introduction of any evidence. The petition wholly fails to state any facts that constituted a ground of recovery against the defendant.   It does not allege that the work which is charged to have caused the damage was authorized by ordinance, resolution or otherwise in a manner to bind the defendant.   The defendant's charter expressly provides that the identical work, or improvement, which is charged to have caused the injury must be by ordinance.   Laws, 1893, 2 Subdiv., sec. 108, p. 90; Stuebner v. St. Joseph, 81 Mo. App. 273; Rives v. City of Columbia, 80 Mo. App. 173; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; City of Carthage v. Badgley, 73 Mo. App. 123; Maudlin v. City of Trenton, 67 Mo. App. 452; City of Poplar Bluff v. Hoag, 62 Mo. App. 672; Wheeler v. City of Poplar Bluff, 149 Mo. 36; Cape Girardeau v. Fougeu, 30 Mo. App. 551; Werth v. City of Springfield, 22 Mo. App. 12; City to use v. Eddy, 123 Mo. 546; Eichenlaub v. City of St. Joseph, 113 Mo. 395; Moore v. City of Cape Girardeau, 103 Mo. 470; Heidelberg v. St. Francois Co., 100 Mo. 69; Stewart v. City of Clinton, 79 Mo. 603; Werth v. City of Springfield, 78 Mo. 107; Thomson v. City of Boonville, 61 Mo. 282; Saxton v. City of St. Joseph, 60 Mo. 153; Saxton v. Beach, 50 Mo. 488.

(2)   The court erred in allowing the introduction of evidence proving the change of the grade of Moniteau street.   There was no allegation in the petition of a change of grade; and especially there was no allegation in the petition that an ordinance had been passed authorizing the change.   Sec. 108 of the charter, supra; Stuebner v. St. Joseph, 81 Mo. App. 273; Davis v. Railroad, 119 Mo. 180; Payne v. Railroad, 112

Mo. 6; Stewart v. City of Clinton, 79 Mo. 603; Foster v. City of St. Louis, 71 Mo. 157.

*Geo. W. Barnett* and *Montgomery & Montgomery* for respondent.

(1) The charter of the defendant city gave it general jurisdiction over its streets and the power to construct sewers, drains, ditches, and other conduits for the taking care of surface water, and with it, the corresponding duty to keep the outlet free from obstruction, and imposes upon it the obligation to see that no one else does obstruct them to the injury of private property-owners. Haney v. Kansas City, 94 Mo. 334; Oliver v. Kansas City, 69 Mo. 83; Hinds v. City of Marshall, 22 Mo. App. 214; Young v. Kansas City, 27 Mo. App. 115; Dammann v. St. Louis, 152 Mo. 186. (2) The duty of constructing gutters, drains and sewers and the removal and abatement of nuisances is a part of the ministerial duties imposed upon the city, as distinguished from these functions or powers which it exercises as a quasi sovereignty, and for the failure to perform which, it is to be held accountable whether done by itself through its officers or agents or merely permitted. Donahoe v. Kansas City, 136 Mo. 664; Hughlett v. City of Wellsville, 75 Mo. App. 345; McInery v. City of St. Joseph, 45 Mo. App. 296; Tritz v. Kansas City, 84 Mo. 640; Blake v. City of St. Louis, 40 Mo. 570; 24 Am. and Eng. Ency. of Law (1 Ed.); pp. 946, 947, and notes. (3) The city has no more right to create and maintain a nuisance than an individual, and is liable for injuries occasioned thereby in any case when a private person would be liable under like circumstances. Torpey v. City of Indpendence, 24 Mo. App. 294; Paddock v. Somes, 102 Mo. 237; Rychlicki v. City of St. Louis, 98 Mo. 497; Smith v. City of Sedalia, 152 Mo.

283; Sallee v. City of St. Louis, 152 Mo. 622. The city by means of its gutters and drains collected the surface water from a large area, and is responsible for the overflow by reason of insufficient gutters and its failure to provide sufficient means for its escape. Carson v. City of Springfield, 53 Mo. App. 295; Sallee v. City of St. Louis, 152 Mo. 622; Rychlicki v. City of St. Louis, 98 Mo. 500; Sheely v. Railroad, 94 Mo. 574; Paddock v. Somes, 102 Mo. 237.

SMITH, P. J.—The plaintiff was the owner of certain lots on Moniteau street in the defendant, a city of the third class, on which was situate his residence and greenhouse, in the latter of which were many rare and valuable shrubs and plants. In the said street in front of the plaintiff's lots there · was a low place or natural channel through and along which the water, falling north and east for some distance, passed on its way to a point where it was discharged into a larger stream. In 1896, the street commissioner, under the direction of the defendant's city council, graded said street in front of plaintiff's lots. The natural waterway referred to was filled and a drainpipe two feet in diameter was inserted therein to carry off the water falling on the higher lots to the north and east. Some time after the said improvement was made there was a heavy rainfall, and owing to the fact that the said drainpipe was not of sufficient capacity to carry off the water, as a consequence it collected and increased in volume until it finally broke away and flooded plaintiff's premises, doing the injury complained of. It is conceded that there was no ordinance whatever passed authorizing the improvement which caused the overflow and consequent damage to plaintiff.

The defendant, as a city of the third class, was authorized by its charter (Session Acts 1893, p. 90, section 108) to enact ordinances to grade its streets, build culverts, bridges

and sewers, and otherwise improve its streets. Thomson v. Boonville, 61 Mo. 282, was where the grade of a street was established by an ordinance. No action was taken under the ordinance. Two years later the city council appointed three of its members to determine the grade of said street. The grading was accordingly done under their direction. This grade was different from that fixed by said ordinance. The street was cut down deeper than said ordinance warranted. The action was by an abutting lotowner to recover damages resulting from the alteration of the grade. In the course of the opinion it was said that the defendant, by its charter, was empowered by *ordinance* to improve its streets, etc., and that this was the method pointed out by its charter and the only legal mode by which the subject could be acted upon. The charter was its power of attorney granting the authority, and the manner prescribed by it must be carried out. It required the passage of an ordinance—the legislative act of the mayor and council—to accomplish the object, and that was a power that could not be delegated or committed to other hands. The grading, therefore, under assumed authority of the committee, was done without legal justification; but that the defendant was not thereby bound. It could only be bound when it attempted, in its legal capacity, to exercise an authority not warranted. Here was no such attempt by its lawmaking power. The council, without the concurrence of its co-ordinate branch, attempted to give power by the appointment of a committee to do what could only be done by an ordinance passed in regular form. No authority was granted and no liability rested on the city, in consequence of the action of the committee. There was no principal standing behind the committee to shield them. They might be liable as wrongdoers, but the city was not.

And the doctrine of this case has been reiterated and its

application illustrated in a number of other cases. Werth v. Springfield, 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Rowland v. Gallatin, 75 Mo. 134; Hilsdorf v. St. Louis, 45 Mo. 94; Keating v. Kansas City, 84 Mo. 415; Gehling v. St. Joseph, 49 Mo. App. 431; Werth v. Springfield, 22 Mo. App. 12; Imler v. Springfield, 30 Mo. App. 669; Maudlin v. Trenton, 67 Mo. App. 453; Beatty v. St. Joseph, 57 Mo. App. 251; Kolkmeyer v. Jefferson, 75 Mo. App. 678; Rives v. Columbia, 80 Mo. App. 173; Hall v. Trenton, 86 Mo. App. 326. The facts of the present case, we think, are so nearly analogous to those in Thomson v. Boonville, supra, as to justify the application of the governing principles of the latter in the decision of the former. The defendant's demurrer to the evidence should have been sustained. The plaintiff did not show himself entitled to recover as against the defendant.

Judgment reversed. All concur.