MARY A. McQUARTER, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, December 7, 1908.**

1. **MUNICIPAL CORPORATIONS: Street Grade: Damages: Petition: Estoppel.** Section 5665, Revised Statutes 1899, as amended by the Acts of 1903, makes an ordinance changing the grade of a street void unless the owners affected by the change petition therefor and waive all damages on account thereof or such damages be first ascertained and paid; and a property-owner who petitioned for a changing of a grade but did not waive damages is not estopped to sue for the damages sustained by reason of the change.

2. ———: ———: **Ordinance: Action.** Where an ordinance bringing a street to grade is void the city is not liable in damages to the abutting property-owners for the change of grade, though the contractor is, and it is immaterial whether the ordinance contemplated a change of grade or not.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk,* Judge.

REVERSED.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) The court committed error in giving instruction V, which told the jury that a petition for the paving of Corby street offered in evidence by defendant city, should not be considered by them as any evidence of an intention or desire on the part of plaintiff to have said street graded, except in so far as might be necessary to prepare the surface of the street for the paving so that when the paving was laid the surface of the street would remain at the same elevation as before. Vaile v. Independence, 116 Mo. 337; Cross v. City of Kansas, 90 Mo. 13; Platt v. Railway, 49 Mo. App. 63. (2) The city is not liable if instruction 5 is the law in this case. This instruction tells the jury that the

petition signed by plaintiff asking for the grading and paving of Corby street did not call for the grading of Corby street so that the finished surface of the street, when paved, would conform to the established grade, but called for only such grade as was necessary to make the paved surface the same as the natural surface. Maudlin v. Trenton, 67 Mo. App. 452; Rowland v. Gallatin, 75 Mo. 134; Koeppen v. Sedalia, 89 Mo. App. 648; Kroffe v. Springfield, 86 Mo. App. 530. (3) By virtue of the charter of St. Joseph the city cannot grade a street without fixing a benefit district in the ordinance providing for the grading, unless the property-owners petition therefor. It will not be presumed that special ordinance No. 3956 is a void ordinance and the taxbills issued by virtue of it are void. R. S. 1899, sec. 5665; Sedalia ex rel. v. Smith, supra. (4) The words "grading to a sub-grade" as used in the petition must be construed to mean the same as the words "grading to a sub-grade" as used in the ordinance, as the ordinance was based upon the petition. Therefore the plaintiff is estopped from setting up the illegal act of the city in grading Corby street, if the ordinance is to be construed as a grading ordinance. See authorities under subdivision I, supra; Gehling v. St. Joseph, 49 Mo. App. 432; see authorities cited under subdivision II, supra.

*Fulkerson, Graham & Smith* for respondent.

(1) Instruction number V was a correct declaration of the law. Session Acts 1903, p. 74 (Act approved Feb. 10, 1903, and effective from its passage). (2) Appellant undertakes to say that the language of the petition and of the ordinance is the same. This is not true. The petition asked for the work to be done according to law. Gibson v. Owens, 115 Mo. 267; Keith v. Bingham, 100 Mo. 306; Rives v. Columbia, 80 Mo. App. 176.

BROADDUS, P. J.—This suit is to recover damages done to the plaintiff's property by the grading of Corby street from the east line of Sixth street to the west line of Ninth street. Corby street runs east and west and plaintiff's property, which consists of lots 33 and 34 in Block 15 in St. Joseph Improvement Addition, is situated on the south side of Corby street between the two cross streets mentioned.

In 1890, an ordinance was passed for the grading of Corby street to the established grade between the points named and there is some slight evidence tending to show that the street was graded pursuant to the ordinance and taxbills were issued for the work, but it appears as a matter of fact the street was not brought to the established grade. After the work ws done, the plaintiff's property was left below the level of the street and she had her lots filled to some extent so that she could have access to the street.

In 1903, an ordinance was passed, which among other matters contained the following: "It is therefore hereby ordered that on the unanimous recommendation of the board of public works, Corby street between the east line of Sixth street and the west line of Ninth street be graded to a sub-grade, to the full width thereof, including sidewalks thereon, so that the improvement herein contemplated, when finished, shall conform to the established grade, the roadway, twenty-four (24) feet wide to be paved with first-class, bevel-edged vitrified paving brick, to be grouted with Portland cement grout . . . All in accordance with plans and specifications on file in the office of the board of public works." The total depth of the finished pavement was 9 1-2 inches, of the sidewalk 9 1-2 inches with a rise of one-half inch to the foot from the curb to the property line. The work was done in pursuance of the ordinance and when completed the surface of the street was on the established grade. When completed, the

plaintiff's lots were left from eighteen inches to two feet below the level of the street.

The plaintiff signed a petition asking that the street be graded to a sub-grade and that "The work be done after receiving the bids therefor and all to be in accordance with the provisions of the law governing cities of the second class, and according to plans and specifications to be prepared by the city engineer, under the direction of the board of public works." The defendant, for one of its defenses, pleads this act of plaintiff as an estoppel against her claim for damages.

St. Joseph is a city of the second class. Section 5665, Acts 1903, p. 74, in force at time the petition in question was signed by plaintiff provides as follows: "No street, alley or other public place in any city of the second class shall be graded so as to change the existing grade thereof, unless the property-owners to be affected thereby petition therefor and waive all claim to damages on account thereof, or unless such damages shall be first ascertained and paid as hereinafter provided." It is argued by plaintiff that the city had no authority under said section to change the existing grade of the street unless the petitioners had first waived all claim for damages for such change, and that plaintiff, not having waived such damages, is not estopped thereby. And it seems plain that she is not.

On the other hand, it is claimed by defendant that if the city had no authority to provide for any change of the existing grade without said section having been first complied with, the act of the contractor who did the work was without authority and the city is not liable for his unauthorized acts.

Where a city was sued for damages for changing the grade of the street, the change having been made by direction of a street committee, there being no ordinance authorizing such change, it was held that the change was made without authority from the city and that it was not liable for the damages to property-

owners occasioned by the change. [Maudlin v. City of Trenton, 67 Mo. App. 452.] "If a city officer takes earth from private property and uses it in improving a street of the city without any provision in the charter or elsewhere authorizing such a proceeding, it is a trespass, for which the officer will be individually liable, but not the city." [Rowland v. City of Gallatin, 75 Mo. 134.] "A city of the third class has authority by ordinance to grade its streets, etc., but cannot delegate such power to its officers and is not liable for the acts of such officers in grading and changing the grade of its streets unless it authorizes such improvements by. ordinance." [Koeppen v. Sedalia, 89 Mo. App. 648.] "A city of the third class can only change the grade of a street by ordinance, and an ordinance establishing a grade of a street will not render the city liable unless it also authorized the street commissioner to change the existing grade to the established grade." [Kroffe v. Springfield, 86 Mo. App. 530.] It is held, however, that a city in making such improvement without the assessment of damages rendered itself liable for any injury to the property resulting from any change in the grade of the street, but the validity of the proceedings was not thereby affected. [Gibson v. Owens, 115 Mo. l. c. 267.] "Where a street is graded without an ordinance, the city is not liable for damages, but, if there is a valid ordinance and the grading is done without taking measures to ascertain and pay the damages, the city is liable." [Rives v. Columbia, 80 Mo. App. 173.]

These two latter decisions were rendered prior to the amendment of section 5665 by the Act of 1903, which makes a taxbill void unless the property-owners to be affected waive all claim to damages on account thereof or unless such damages have already been ascertained in the manner provided. In fact, the section is a complete inhibition against the passage of any ordinance for a change in the grade of a street unless the

damages to property have been waived or ascertained in the manner prescribed.

We agree with plaintiff that the ordinance in effect provided for a change from the existing grade. The contract under which the work was done provided for cuts and fills to bring the street to a proper grade. This ordinance, under the law as it then stood, was absolutely void and was no authority whatever for the contractor to do the work. Such being the case, under the authorities referred to, the city is not liable for damages sustained by property-owners, but the contractor is liable. If, on the other hand, the ordinance in question did not contemplate a change in the existing grade, the work done by the contractor was unauthorized and the city is not liable.

Such being the law of the case, plaintiff was not entitled to recover and the cause is reversed. All concur.