WILLIAM H. GLEASON, Plaintiff in Error, v. CITY OF KIRKSVILLE, Defendant in Error.

Kansas City Court of Appeals, March 29, 1909.

MUNICIPAL CORPORATIONS: Obstructing Drainage: Ordinance: Pleading. Plaintiff's petition stated that defendant city negligently constructed an embankment across the drain in its street and collected water, etc. It neither alleged nor proved an ordinance authorizing the work, nor any notice that the work had become a nuisance and request for its abatement. *Held*, the jury were properly directed to find for defendant.

Error to Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*C. Knox* and *A. Doneghy* for plaintiff in error.

(1) It was immaterial whether the culvert was put in by ordinance or not. The petition alleges that the city permitted it to be erected, it stood by, and permitted it to be erected on property that it had the exclusive care and control of, and its officers and agents had knowledge of the nuisance. The city by its mayor and council is given the exclusive care and control of

its streets. R. S. 1899, sec. 5858. Laws of Missouri, 1901, p. 63. (2) Having the exclusive care and control of the street, the city would be liable for permitting a nuisance to remain there, to the same extent that a private individual would be. It is an omission to perform a corporate duty. Wood on Nuisance (2 Ed.), p. 831, secs. 747, 748, 749; Ibid., p. 80, sec. 74; Torpey v. Independence, 24 Mo. App. 294; Dillon, Mun. Corp. (2 Ed.), sec. 780; Addison on Torts (Banks' Ed.), p. 1315, sec. 1536; Gillman v. Laconia, 55 N. H. 130; Paris v. Commonwealth, 93 S. W. 907; Cooley, Torts (2 Ed.), top page 738. (3) The city by its charter (R. S. 1899, sec. 6164) is given authority to abate nuisances. For a failure to do so on property over which it exercises exclusive control, such as streets, etc., it will be held liable. The authority over the street is given for the benefit of the corporation, and not for that of the State at large. It is a ministerial duty that through its officers it is bound to perform. Barbes v. Cape Girardeau, 95 S. W. 330, 197 Mo. 382; Dillon, Mun. Corp. (2 Ed.), secs. 778, 761; Gilman v. Laconia, 55 N. H. 130; Denver v. Davis, 86 Pac. 1027, 6 L. R. A. (N. S.), 1013. (4) The liability of the city may be maintained on the theory that its control over the street charged it with the duty not to permit a nuisance to be erected or remain therein. The power to abate carried with it the duty to do so. Frick v. Kansas City, 117 Mo. App. 497; Torpy v. Independence, 24 Mo. App. 294; Gilman v. Laconia, 55 N. H. 130.

*Weatherby & Frank* for defendant in error.

(1) A city cannot be held liable for damages which result from the grading or improving of a street unless such work was done pursuant to an ordinance of the city. Stewart v. Clinton, 79 Mo. 603; Koeppen v. Sedalia, 89 Mo. App. 648. (2) A city cannot be held liable for maintaining a nuisance unless the petition alleges the duty of the city to abate the nuisance, that it

had power so to do, and if the city is not the author of the nuisance then the petition should allege à request to remove or abate it, and in addition set out the facts which bring the thing complained of within the definition of a nuisance. Martinowsky v. Hannibal, 35 Mo. App. 70; Rychliski v. St. Louis, 115 Mo. 662; 14 Enc. Pl. and Pr., 1115; Ft. Worth v. Crawford, 74 Tex. 404; Threadgill v. Anson County, 99 N. C. 352. (3) A party cannot try a case on one theory in the lower court and upon another theory on appeal, in any case, much less can he do so where the averments of his petition do not admit of a theory contended for on appeal. Martinowsky v. Hannibal, 35 Mo. App. 79, and cases there cited. (4) A city may grade and improve its streets, and is not liable for injuries arising from the incidental interruption or change in the flow of the surface water, save such injuries as may arise from the negligent doing of the work. Rychliski v. St. Louis, 98 Mo. 501, and cases there cited.

ELLISON, J.—This action is for damages alleged to have been caused by the defendant, a city of the third class, constructing a grade by a fill and insufficient culvert in one of its streets, whereby the surface water was collected and became foul and offensive and whereby, at times of rain, it would be discharged over plaintiff's abutting property. At the close of the trial the jury was directed to find for the defendant.

There was no ordinance of the city council directing the construction of the work in the street and plaintiff claims that it was on that ground the trial court directed a verdict. The petition alleges the work was negligently done and plaintiff by his brief seeks to have the judgment against him reversed and the cause remanded for trial on the ground that in doing the work a nuisance was created and maintained by the city. But there was no ordinance alleged or shown for the work and therefore under the ruling in this State the city is

not liable for erecting or constructing the work [Stewart v. City of Clinton, 79 Mo. 603; Koeppen v. City of Sedalia, 89 Mo. App. 648, and authorities cited in each.]

But plaintiff claims that the work became a nuisance and that it was so permitted to remain and continue and by so doing the city became liable for maintaining a nuisance. The difficulty with plaintiff's case is that, as decided by the Supreme Court, for the continuance of a nuisance by one not originally responsible for its erection, there must be allegation and proof of a notice or request to abate it, and neither appeared in this case. [Rychlicke v. St. Louis, 115 Mo. 662; Martin v. City St. Joseph,—Mo. App.—; Martinowsky v. Hannibal, 35 Mo. App. 70.]

So we have a case where the city was not shown to be liable for the erection of the work, and if we concede, under the line of argument advanced by plaintiff, that it is nevertheless liable for permitting a nuisance already erected to continue, then there is lacking the request to abate it. Authorities cited by plaintiff do not meet the case as presented.

The judgment is affirmed. All concur.