# JOSEPH BIGELOW, Respondent, v. CITY OF SPRINGFIELD, MISSOURI, Appellant.

### Springfield Court of Appeals, January 29, 1914.

1. **STREETS: Opening: Eminent Domain: Procedure: City not Liable, When.** Where a street was opened and graded, but such opening and grading was not authorized or ratified by ordinance as provided by Secs. 9258, 9261, 9262, R. S. 1909, *held* to be the acts of the individuals engaged in the work and not of the city, and that the city was not liable for the value of the land taken.

2. ————: ————: **Private Property Taken for: Necessary Ordinances.** Under Secs. 9258, 9261 and 9262, R. S. 1909, providing that private property may be taken by a city of the third class for street purposes, the city proceeding by an ordinance passed for that purpose, general ordinances showing the duties and powers of the street commissioner and city engineer cannot be construed into an ordinance authorizing the city to take such private property.

3. **MUNICIPAL CORPORATIONS: Powers: Ordinances: Resolutions.** A municipal corporation cannot accomplish by resolution that which under its charter can be done only by ordinance.

4. **STREETS: Land Taken for: Procedure: City not Liable, When.** The statute providing that the opening of a street can be accomplished by ordinance only, a resolution of approval of the acts of the street and alley committee in reporting that the title to certain land taken by the street commissioner for street purposes was in the city, cannot be construed into an ordinance authorizing the opening of such street so as to render the city liable therefor.

5. **MUNICIPAL CORPORATIONS: Powers: Ministerial: Legislative.** The ministerial powers of a city may be delegated; its legislative powers cannot.

6. ————: **Acts of Agents: Liable for, When.** Municipal corporations are liable for the acts of their agents only when such agents act within the scope of their authority.

### On Motion for Rehearing.

7. **PLEADING: Streets: Land Taken for.** In an action for the value of land alleged to have been taken by a city for street purposes, the answer is examined and *held* not to admit that the title was vested in the city.

8. EMINENT DOMAIN: Easements: Taking Property for Street Purposes: City Liable, When. The acquirement of an easement in land for street purposes under the Statute of Limitations is not such a taking of the property by the city as will render it liable for the value thereof.

Appeal from Green County Circuit Court.—*Hon. Arch. A. Johnson,* Judge.

REMANDED (*with directions*).

*Leonard Walker* and *Fred A. Moon,* for appellant.

(1) City of third class may open streets by ordinance of the council. Secs. 9258 and 9262, R. S. 1909, and secs. 5861 and 5864, R. S. 1899. (Must be by ordinance by either R. S. 1909 or 1899.) (2) Must prove that work was done and ordered to be done under an ordinance. Rowland v. City of Gallatin, 75 Mo. 134 (This case is approved by late case of McQuartin v. City of St. Joseph, 114 S. W. 1140.) Gleason v. City of Kirksville, 136 Mo. App. 521; Kroffe v. City of Springfield, 86 Mo. App. 530; Stewart v. City of Clinton, 79 Mo. 603; Koeppen v. City of Sedalia, 89 Mo. App. 648. (3) Or that if the act was not originally unauthorized by ordinance that the same has since been ratified by ordinance. Kroffe v. City of Springfield, 86 Mo. App. 530; Soulard v. City of St. Louis, 36 Mo. 546. (4) Necessity of proof of authorization or ratification by ordinance of the acts of the street commissioner in taking possession of the land in controversy not waived by the affirmative matter in the defendant's answer. Rowland v. City of Gallatin, 75 Mo. 134. (5) Plaintiff's offer of the prior judgment of the circuit court referred to in defendant's answer "for the purpose of showing the issue raised by the answer" is fatal to plaintiff's case. Counsel can not limit the effect of evidence by stating to the court when he makes the offer that he makes it for a specific purpose. By offering it plaintiff vouched for its validity. Sill v. Reese, 49 Cal., 294, 340; Reeves v. Brayton, 36 S. C. 384, 400, 15 S. E. 658.

*J. T. White,* for respondent.

(1) The city was vested with power by its charter to open streets. (R. S. 1899, sec. 5861; R. S. 1909, sec. 9258); to take real estate for public use, for such purpose. (R. S. 1909, sec. 9261); to acquire by purchase or gift, etc., and own real estate. (R. S. 1909, sec. 9143); R. S. 1899, sec. 5751); and being authorized to acquire and own real estate, the city could of course acquire it by any lawful means, for instance by decree of court. (2) Being empowered by its charter to acquire and own real estate and to open streets, whenever the city or its proper officers undertook to exercise such powers in a manner not authorized by its charter, it became liable for damages ensuing. It is a well-settled rule of law that a municipal corporation is liable for an act done by its officers, which is in its nature lawful, when done in an unlawful manner. Soulard v. City of St. Louis, 36 Mo. 546; Hunt v. City of Boonville, 65 Mo. 620; Dooley v. City of Kansas, 82 Mo. 444; Barton v. City of Odessa, 109 Mo. App. 76; Hickerson v. City of Mexico, 58 Mo. 61; Allison v. City of Richmond, 51 Mo. App. 133; Quinn v. Schneider et al., 118 Mo. App. 39; 28 Cyc. Law & Pro. 1275, note 77; McCrew v. Paving Co., 247 Mo. 549. (3) The defendant having in its answer pleaded the right to use and occupy the property because of title in the city, cannot now be heard to assert the city is not in possession or does not claim it. McCarthy v. Clark County, 101 Mo. 179; Bushnell v. Farmer Ins. Co., 91 Mo. App. 523; Werthimer Swartz Shoe Co. v. McDonald, 138 Mo. App. 328.

FARRINGTON, J.—This suit was instituted by the respondent for the purpose of recovering damages in the sum of five hundred dollars for the taking of fifty feet off his lot the full length thereof in opening and extending a street. At the close of respondent's

178 Mo. App. 30

case, the court directed a verdict for the defendant, but subsequently sustained a motion for a new trial and it is from that order that the city appealed.

The petition in this case is as follows: (Formal parts omitted.)

"Plaintiff for cause of action states that defendant is and was at the several dates herein mentioned a municipal corporation organized and existing under the laws of the State of Missouri as a city of the third class, and that Texas avenue is a thoroughfare and street in said city.

"Plaintiff states that he was at all the dates herein mentioned the owner of the following described real estate situated in the city of Springfield, county of Greene, and State of Missouri, to-wit: Lot number eight in G. S. Catlin's Second Addition to the city of Springfield, Missouri.

"Plaintiff further says that on or about the—— day of——, 1910, the said city of Springfield took possession of and opened a street through and extending the entire length of the said lot number eight in G. S. Catlin's Second Addition. The said street was called an extension of said Texas avenue and was fifty feet wide and extended from the north to the south through the length of said lot, leaving two feet on one side of said street and eight feet on the other side of said street. The said city took possession of and opened said street, worked the same and took the same in charge under and by virtue of its power and authority as a municipal corporation, took such possession and opened said street without compensation of any kind or character whatever to the plaintiff herein and without any regular condemnation proceedings whereby it might acquire the right to open said street to the damage of plaintiff in the sum of five hundred dollars.

"Wherefore, by reason of the premises plaintiff says he is damaged in the sum of five hundred dollars,

for which with his costs herein expended he prays judgment."

The defendant demurred to the petition, but afterwards, upon its demurrer being overruled, filed the following answer: (Formal parts omitted.)

"Comes now the defendant in the above-entitled cause, the city of Springfield, and for its amended answer to plaintiff's petition filed herein admits that it is a city of the third class duly organized and existing under the laws of the State of Missouri, and that Texas avenue is a public street of said city; further answering defendant denies each and every other allegation in plaintiff's petition contained.

"Further answering, defendant states that by a proper judgment and decree of the circuit court of Greene county, Missouri, duly entered of record at the May term, 1903, of said court, in book 72, at page 71 of the records of the circuit court of Greene county, Missouri, plaintiff Joseph Bigelow was at that time by said judgment and decree divested of any and all right, title and interest that he may have had in and to the fifty feet of lot number eight in G. S. Catlin's Second Addition to the city of Springfield, Missouri, mentioned in plaintiff's petition. Defendant further alleges the fact to be that for more than twenty whole years next before the filing of this present suit the traveling public have openly, notoriously and adversely used and treated said fifty feet as a public highway exclusively and that such user was acquiesced in by the plaintiff and his grantors."

The plaintiff replied by a general denial of the new matter.

It was admitted that the plaintiff by deed dated June 1, 1888, acquired the land in question.

Plaintiff offered to show by the street commissioner for the city during the years 1908 and 1909 that he performed some work on this land in opening and making the street. An objection as made and sus-

tained because there was no showing that the city authorized any work to be done by ordinance. The plaintiff then offered to show that the street and alley committee of the city council had reported that the land in question was vested in the city, and that the report was approved by vote of the council, and that the street and alley committee instructed the street commissioner to do the work on this property, making the grade of the street, etc.; that the city paid the men working under the street commissioner doing this work; that the plaintiff made complaint to the council about using his lot for a street; and that the street and alley commitee made the report heretofore mentioned, which report was approved by the council. The objection to this offer was sustained, the court giving as a reason, the following: "Objection sustained unless it is shown that the work was the result of an ordinance." Plaintiff offered to show by the street commissioner that he held that office and had general authority to superintend all work done on the streets, and that acting under his general authority given by the ordinances of the city and under the directions of the street and alley committee, he proceeded to do the grading, and that the city paid the men by an ordinance making a general appropriation, and that he reported his work to the city authorities and the work was approved by the street and alley committee. This offer was objected to for the reason that if there was any such ordinance it would be the best evidence of his authority, and that any authority that may have been given to the street commissioner by the street and alley committee of the council would not be binding and would not be a legal and proper act of the city. The court sustained the objection for the reason that it did not appear that there was an ordinance enacted by the city council authorizing and directing the street commissioner to do the work on this street and that it did not appear that there was any ordinance subse-

quently enacted directly ratifying the act of the street commissioner. An offer to show that under the general ordinances of the city the street and alley committee and the street commissioner have power to do the acts complained of, was, upon objection, rejected, the court giving as a reason that a special ordinance was required. Offer was then made to show certain communications between J. J. Hibler, who was agent for the plaintiff, and the city council which led up to the approval of the report of the street and alley committee that the title to the property was vested in the city, which offer was likewise rejected. Ordinances were then offered showing the duties of the street commissioner and of the city engineer, and the court sustained defendant's objection for the reason that the ordinances mentioned constituted no authority for taking possession of the land in controversy. Offer was made of a petition asking for an improvement of the intersection of Texas avenue and Linn street, and the proceedings of the city council ordering the city engineer to give the grades to parties desiring to lay the sidewalk on Texas avenue. Objection to this offer was sustained for the reason that it did not show any authority for taking the lot or any ratification after it was done. Plaintiff offered a judgment rendered in the circuit court of Greene county at the May term, 1903, in an action in which Everett C. Jones was plaintiff and Joseph Bigelow and wife were defendants. This offer was rejected on account of the judgment showing on its face that it did not affect the rights of the parties to this suit.

The question met at the threshold of this appeal is whether the plaintiff made out a case which should have been submitted to the jury. If he did not, the judgment which was directed for the defendant was the correct judgment in the case and the only one that could have been lawfully rendered, and the order setting it aside would be erroneous.

Waiving the question of the petition failing to state a cause of action, we meet practically the same question on the demurrer to the evidence, to-wit, Was there such a showing made by plaintiff's evidence as to characterize the wrongful acts complained of as acts of the city of Springfield? .

The petition on its face shows that the charge is that the city had taken this piece of ground for the purpose of opening a street. It is not claimed that the city owns it or holds it for any other than street purposes. The petition further avers that the ground was taken for street purposes without any legal condemnation proceeding whereby it might acquire the right to open the street.

The plaintiff failed to allege or prove that any specific ordinance was ever passed by the city council authorizing the taking of this piece of ground for street purposes or any specific ordinance ratifying such taking. This, under the law of Missouri, clearly makes the acts complained of those of the individuals and not those of the city.

The statute provides (Secs. 9258, 9261 and 9262, R. S. 1909) that private property may be taken by a city of the third class for street purposes and provides how the city shall proceed, to-wit, *by an ordinance passed for that purpose.* The general ordinances showing the duties and powers of the street commissioner and city engineer would certainly not be construed into an ordinance authorizing the city to take particular private property. If such were the case, section 9262 providing for an ordinance with relation to particular property would be of no effect.

McQuillin on Mun. Corps., Vol. II, Sec. 665, states the rule as follows: "In the exercise of the power to open, construct and otherwise improve highways, streets, alleys, etc., the ordinance providing therefor must necessarily apply to districts or parts of the city."

The resolution of approval of the acts of the street and alley committee in reporting that the title to this property was in the city could not be construed into an ordinance authorizing the opening of the street, as the statute provides that such opening must be the result of an ordinance. The corporation cannot accomplish by an order or resolution that which under its charter can be done only by an ordinance. [McQuillin on Mun. Corps., Vol. II, Sec. 633.]

In the case involving the same principle that controls this case, it is said: "It is neither claimed nor shown that the grade of the street, in this instance, was changed by virtue of any ordinance thus enacted. This, of itself, is fatal to the plaintiff's recovery, . . . ." [Werth v. City of Springfield, 22 Mo. App. 12.]

The following language is used in the opinion in Werth v. City of Springfield, 78 Mo. 107: "It is undoubtedly true that the defendant can only be held responsible for the acts of its officers, agents or servants in changing the grade of a street, when such change has been authorized by ordinance."

In the Werth case (22 Mo. App. 12) the following language is used: "Whether the plaintiff seeks to hold the city liable at common law, or under the constitution, it is incumbent upon him to show that the act complained of was the act of the city, and not that of its unauthorized officers, for which they alone are responsible," citing Hilsdorf v. City of St. Louis, 45 Mo. 94.

In the case of Thomas v. City of Boonville, 61 Mo. 282, we find this language: "By defendant's charter the mayor and councilmen had power, by ordinance, to regulate, pave and improve the streets, which authority was pursued in fixing the grade in 1867. This was the mode pointed out in the charter and the only legal mode by which the subject could be acted on. The charter is the power of attorney granting the author-

ity and the manner prescribed in it must be carried out. It required the passage of an ordinance—a legislative act by the mayor and councilmen—to accomplish the object, and that was a power that could not be delegated or committed to other hands. The grading, therefore, under the assumed authority of the committee, was done without any legal justification. But it does not thence follow that the defendant is liable.''

It is held in Hunt v. City of Boonville, 65 Mo. 620, that a municipal corporation is liable for an act done by its agents, which is in its nature lawful and *authorized*, when done at an unauthorized place or in an unlawful manner.

In the case at bar, the work might have been done in an unauthorized place and this would have been no defense if the city had authorized the work to be done by ordinance. In order to be held, the acts of the agents must have been concerning a lawful undertaking (which it was) as well as an authorized undertaking (which it was not). The nature of the work was lawful provided it had been authorized.

In the case of Stewart v. City of Clinton, 79 Mo. 603, it is said: ''It follows logically, from this legal implication, that when it came to a matter of proof, to sustain this averment, it was essential for the plaintiff to show affirmatively that the acts in question were authorized by the defendant.''

In the case of Rowland v. City of Gallatin, 75 Mo. 134, it is held that if a city officer takes earth from private property and uses it in improving a street of the city without any provision in the charter or elsewhere authorizing such a proceeding, it is a trespass, for which the officer will be individually liable, but not the city.

These principles have also been enunciated in the following cases: Gehling v. City of St. Joseph, 49 Mo. App. 430; Beatty v. City of St. Joseph, 57 Mo. App. 251; Maudlin v. City of Trenton, 67 Mo. App. 452;

Kroffe v. City of Springfield, 86 Mo. App. 530, (holding also that the only way a city can ratify an act of its officers is by ordinance and that evidence that the persons employed in changing the grade of a street were paid by the city is incompetent to prove ratification) ; Gleason v. City of Kirksville, 136 Mo. App. 521, 118 S. W. 120; Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678, (holding that the defendant could only authorize the grading of a street by ordinance and that a ratification of such unauthorized act would require the passage of an ordinance for that purpose; that the action of the council in accepting the work which was performed by the direction of the committee was not an authorized exercise of power and did not bind the defendant; that the ratification could be accomplished if at all only by the passage of an ordinance for that purpose) ; Koeppen v. City of Sedalia, 89 Mo. App. 648; Rives v. City of Columbia, 80 Mo. App. 173; McQuarter v. City of St. Joseph, 134 Mo. App. 640, 114 S. W. 1140; Clay v. Board, 85 Mo. App. 237; Brown v. City of Cape Girardeau, 90 Mo. 377, 2 S. W. 302; City of Nevada to use of Gilfillan v. Eddy, 123 Mo. 546, 27 S. W. 471.

Cities are by their charters given two powers, one legislative, the other ministerial. The law requires that in opening a street the city must exercise its legislative power by passing an ordinance. After the ordinance is passed the acts of the officers under it are ministerial. The ministerial power may be delegated; the legislative power cannot. The ordinance marks the authority, and acts wrongfully done within the scope of that authority will make the city liable; but in the absence of the authority the act of the individual who holds a ministerial office is no more than the act of that individual; the city as a corporation has not exercised the power which is necessary for it to exercise in order that it may act at all. [Ruggles

v. Collier, 43 Mo. 352; City of St. Louis to use of Murphy v. Clemens, 43 Mo. 395.]

A street improvement in a city of the third class cannot be authorized by a resolution of the council. The power to order the improvement to be done, and to contract therefor, and to levy the taxes to pay for the same, can be exercised only by ordinance. [City of Sedalia to use of Sedalia National Bank v. Donohue, 190 Mo. 407, 89 S. W. 386.]

In the case of State ex rel. Crow v. City of St. Louis, 169 Mo. 31, 68 S. W. 900, the city by ordinance appropriated private property for public use, and the court held that it was proper to pay for the property taken in this way.

Respondent cites Barton v. City of Odessa, 109 Mo. App. 76, 82 S. W. 1119. We find in the opening statement of the opinion, this language: . . . . that said defendant city at said time by its charter and under the laws of the State was authorized to and did pass ordinances regulating quarantine for contagious diseases." Thus it appears that the case is an authority for the appellant. As the city had taken the proper steps by ordinance to bind itself, any wrongs done under that ordinance must be answered for by the city.

In Quinn v. Schneider, 118 Mo. App. 39, this language is used: "The order mentioned in the petition could only emanate from the city council in the exercise of its governmental functions, . . . . and was made for public purposes and for the public good, and the presumption (in the absence of any allegation in the petition to the contrary) is that the order or ordinance, under which Schneider was acting, is valid . . . . though he may have attempted to execute the order in an unwarranted or unlawful manner; if so, then both he and the city would be liable for the consequential damages, for which an action at law against both the city and Schneider would lie."

We are referred to the case of Hickerson v. City of Mexico, 58 Mo. 61. The opinion does not show whether the taking was under authority of an ordinance, and the presumption would be that an ordinance was passed.

In Soulard v. City of St. Louis, 36 Mo. 546, the opinion fails to show whether the wrong complained of was a failure to pass an ordinance in the beginning or an unlawful act by the city in carrying through the condemnation proceeding after an ordinance was passed. However, it is gathered from the briefs and the opinion that it was because the wrong complained of was the failure to comply with the statute in condemning the land and assessing the damages, which would be a wrong committed under the ordinance, liability was imposed on the city.

In Dooley v. City of Kansas, 82 Mo. 444, the pesthouse case, the opinion recites that everything was done in accordance with the charter and *ordinances* except the asquisition of the use of the land for a pesthouse. Having gotten the power to act (in erecting a pesthouse) from the city by the ordinance, the city would be held for damages in using private land occasioned by the enforcement of that ordinance.

The case of McGrew v. Paving Co., 247 Mo. 549, 155 S. W. 411, cited by respondent, contains the following statement which must blast the order of the trial court in the case at bar (l. c. 566): (After quoting from the case of Rives v. City of Columbia, 80 Mo. App. l. c. 176) ''The first part of the quotation is all right, because the city only becomes bound by its ordinance. As to the appropriation of private property it can only speak through an ordinance. But this case does announce the broad doctrine that the consequential damages to property occasioned by changing the grade of a street must be first ascertained and paid, or the city and other parties doing the work under the ordinance would be liable as trespassers.'' As

said in that case, the language in the Rives case as to consequential damages was too broad, but nowhere do we find the rule announced that the city will be held liable for any damages where there is a failure to speak through an ordinance.

There is practically no difference in the liability of municipalities for the acts of their agents acting within the scope of their employment, and in the liability of private corporations for the acts of their agents acting within the scope of their employment. As to the city. it takes a ordinance to *make the employment* for the particular piece of work and the city will thereafter be held liable for the acts of the agent within the apparent scope of his employment, his employment being the ordinance.

We have discussed many cases involving causes *ex delicto* and causes *ex contractu,* and the principle that the city speaks by its ordinances is everywhere manifest; in no case do we find liability imposed where the city must have acted in its legislative capacity and failed to do so.

It cannot be said that no injustice would be practiced in requiring the city to pay for this property, because the city, when it acts under the statute in the way it must act, that is, by ordinance, has the right to condemn property and to require the abutting property owners to pay for such benefit as accrues to them from the opening of the street and hence to pay for the damages sustained by those whose land is taken.

It is ordered that this case be remanded with directions to the circuit court to set aside its order granting a new trial and enter judgment for the defendant. *Robertson, P. J.,* and *Sturgis, J.,* concur.

## ON MOTION FOR REHEARING.

FARRINGTON, J.—Respondent in a motion for a rehearing insists that our opinion is in conflict with

the opinion in the case of McCarty v. Clark County, 101 Mo. 179, 1. c. 183, 14 S. W. 51. We have examined that case, and conclude that respondent's counsel has misconstrued the answer filed in the case at bar. In the motion for a rehearing counsel contends that the city by its answer alleges title in and admits possession of the lot in question. We quote the following statement found in the motion: "This question is presented by the allegations of the answer, which alleges title in the city and admits possession on the part of the city." This assertion can not be borne out. The amended answer, on which the case was tried, is in part as follows: (After a general denial).

"Further answering, defendant states that by a proper judgment and decree of the circuit court of Greene county, Missouri, duly entered of record at the May term, 1903, of said court, in book 72, at page 71 of the records of the circuit court of Greene county, Missouri, plaintiff Joseph Bigelow was at the time by said judgment and decree divested of any and all right, title and interest that he may have had in and to the fifty feet of lot eight in G. S. Catlin's addition to the city of Springfield, Missouri, mentioned in plaintiff's petition. Defendant further alleges the fact to be that for more than twenty whole years next before the filing of this present suit the traveling public have openly, notoriously and adversely used and treated said fifty feet as a public highway exclusively and that such use was acquiesced in by the plaintiff and his grantors."

The answer does aver that the title has been devested out of Bigelow but nowhere avers that it was vested in the city of Springfield. It also avers that the lot in question had been used openly, notoriously and adversely as a public highway by the traveling public and that such use had been acquiesced in by the plaintiff. If the city has acquired an easement in the land for street purposes under the Statute of Limitations,

then obviously plaintiff cannot maintain an action for damages any more than he could for possession; that would not be such a taking of the property as would support a suit for damages. The answer setting up the adverse use of the lot for street purposes by the traveling public acquiesced in by the plaintiff, in no wise alleges or admits that the city has title to the lot. In every city are numerous lots and parcels of ground used by the public as licensees, the title and possession being unclaimed by the city. If the lot in question was used by the public for less than the period fixed by the Statute of Limitations, the city as a municipality acquired no interest in it, and if it was so used for a longer period than the Statute of Limitations specifies, the owner would certainly be precluded from bringing a damage suit against the municipality as for a wrongful taking. It is apparent that the answer in this case is not subject to the construction placed upon it by counsel for respondent. Hence the McCarty case, supra, is not an authority in this appeal. The motion for a rehearing is overruled. *Robertson, P. J.,* and *Sturgis, J.,* concur.