CHARLES JONES, Respondent, v. CITY OF CARUTHERSVILLE, Appellant.

Springfield Court of Appeals, December 12, 1914.

1. **MUNICIPAL CORPORATIONS: Acts of Officers: When Unauthorized: City Not Liable.** The street commissioner of a city of the fourth class constructed a drain whereby surface water was collected and thrown onto plaintiff's lot, thereby d⌐maging plaintiff. No ordinance had been passed by the city giving authority for the construction of said drain. The city cannot be held liable for the damages, though it paid for the work under a general appropriation ordinance.

2. ————: **Cities of Fourth Class: Surface Drainage: Improvements: Necessity of Ordinance.** Cities of the fourth class can legally make surface drainage improvements only by an ordinance. [Sec. 9400, R. S. 1909.]

Appeal from Pemiscot County Circuit Court.—*Hon. Charles B. Faris*, Judge.

REVERSED.

*Vance J. Higgs* and *Arthur L. Oliver* for appellant.

The evidence offered by plaintiff as a whole, showed that if plaintiff was injured it was through the unauthorized acts of the street commissioner, as he was not directed or empowered either by ordinance or by resolution of the board of mayor and aldermen of said defendant to do such work, and defendant was not, therefore, answerable in damages to plaintiff even if actually injured. Sec. 9400, R. S. Mo. 1909; Ellison v. Gleason, 136 Mo. App. 521; Garden v. City of Parkville, 114 Mo. App. 527; Stewart v. City of Clinton, 79 Mo. 603; Thompson v. Boonville, 61 Mo. 282; Koeppon v. City of Sedalia, 89 Mo. App. 648; Rowland v. Gallitan, 75 Mo. 134; Werth v. Springfield, 22 Mo. App. 12.

*Ward & Collins* for respondent.

Whether this is a nuisance or damage for negligence in throwing the surface water in a body on plaintiff, still defendant is liable without an ordinance because it ratified the act of its officers in constructing the drains, ditches and street improvements that caused the damage in this case. Imler v. Springfield, 30 Mo. App. 679; Schumaker v. St. Louis, 3 Mo. App. 297; Holmes v. Board of Trade, 81 Mo. 137; Soulard v. City of St. Louis, 36 Mo. 553; Akers v. Kolkmeyer, 97 Mo. App. 520; Devers v. Howard, 88 Mo. App. 261; Water Co. v. Aurora, 129 Mo. 583; State ex rel. v. Milling Co., 156 Mo. 620; Foncannon v. City of Kirksville, 88 App. 279; Dooley v. Kansas City, 82 Mo. 477; Cook v. Cameron, 144 Mo. App. 143; Whitworth v. Webb City, 204 Mo. 602. "A city is liable for collecting the surface water and diverting it from its natural course and throwing it upon plaintiff's property in a great volume." Cannon v. St. Joseph, 67 Mo. App. 370; Lewis v. Springfield, 142 Mo. App. 89; Sandy v. St. Joseph, 142 Mo. App. 330; Carson v. Springfield, 53 Mo. App. 289.

FARRINGTON, J.—This action was brought by the plaintiff to recover damages alleged to have been sustained by him by reason of the defendant, through its street commissioner and by and under the direction of its street and alley committee, having constructed a system of street improvements—drains, sewers and ditches—to convey the surface water from some forty blocks of the city so that the system terminated near plaintiff's property, by reason whereof a large quantity of surface water collected and stood on plaintiff's lot to his damage in the sum of $2500.

The answer of the defendant, after admitting that it is a city of the fourth class, is a general denial.

Plaintiff introduced evidence to show that surface water accumulated on his lot in large quantities and stood there and became stagnant and damaged a number of trees and improvements. His evidence shows that no ordinance or resolution was ever passed authorizing anyone for the city to dig this ditch and the drains that led into it which terminated at plaintiff's property.

There was a general ordinance of the city specifying the powers and duties of the street commissioner as well as those of the street and alley committee or committee on improvements. In this general ordinance the street commissioner is given power to superintend the construction of any drain or other improvement whenever required by any ordinance or resolution of the board. He is also empowered to see that all streets, alleys, drains and other public places are kept free from obstructions and in a cleanly condition. This last-mentioned duty does not seem to be in the general ordinance one that requires his duties to be performed under a special ordinance.

The charge in the petition is that "the defendant constructed a large number of ditches, drains and sewers and wrongfully, negligently and carelessly changed the natural flow of the surface water, rain water and sewage, and negligently and carelessly collected, gathered and held the same in a body down on and upon plaintiff's property, and negligently failed to devise or construct any way or means to remove said water so collected and held on plaintiff's property."

At the close of plaintiff's case the defendant offered an instruction in the nature of a demurrer to the evidence which was overruled.

The defendant showed that no ordinance or resolution was ever passed authorizing anyone to build the ditch in question or the drains leading up to

it by reason whereof surface water was collected so as to overflow on plaintiff's property.

The respondent seeks to supply the absence of an ordinance or resolution by showing that the city ratified the act of the street commissioner in paying him and the workmen for digging the ditch. We have recently gone into this same question in the case of Bigelow v. City of Springfield, 178 Mo. App. 463, 162 S. W. 750, where a number of cases in this State bearing on the question will be found cited and discussed, first, as to the liability of the city for acts of a street commissioner in performing duties which result in damage to property owners where there is no ordinance authorizing the work to be done when under the law the city can only act through an agent who has been empowered by ordinance to do the work; and second, as to the payment of the street commissioner and his colaborers under a general appropriation not taking the place of the ordinance required to authorize the work.

Plaintiff here seeks to hold the city because the street commissioner failed to see that the drains and other public places were kept free from obstruction and in a cleanly condition. The charge in the petition is that the city wrongfully, carelessly and negligently changed the flow of surface water by gathering and holding the same in a body on plaintiff's property and negligently failed to devise or construct any way or means to remove the water. There is no allegation or proof that there were any obstructions that made the water flow on plaintiff's property other than the manner in which the ditch was constructed. Besides, that part of the general ordinance referred to means that the street commissioner shall keep the lawfully constructed drains, alleys, etc., free from obstruction and in a cleanly condition.

A great many of the cases cited by respondent were referred to in the Bigelow case, supra, and it is unnecessary to discuss them here.

The case of Lewis v. City of Springfield, 142 Mo. App. 84, 125 S. W. 824, was an action for discharging water on a citizen's property and the city was held liable, but the opinion shows that the drain in that case was constructed under and by virtue of ordinances.

Section 9400, Revised Statutes 1909, provides that such improvements as were made in this case, when undertaken by cities of the fourth class, must be by ordinance.

The evidence clearly shows that if plaintiff was damaged it was through the act of the street commissioner and those acting with him—absent any ordinance or resolution making their act an act of the city.

The plaintiff failed to make out a case against the defendant and the jury should have been so instructed. The judgment is reversed. *Robertson, P. J.,* and *Sturgis, J.,* concur.